### A. B. DICK CO. v. WICHELMAN.

(Circuit Court, S. D. New York. April 15, 1901.)

CONTEMPT—VACATING DECREE—SECOND APPLICATION.

Where an application for vacation of a decree finding defendant guilty of contempt had been made and denied, a second application to the same effect, without leave of court first obtained, will not be considered.

Frederick A. Wichelman, in pro. per.

S. O. Edmonds, opposed.

LACOMBE, Circuit Judge. In August, 1898, a final decree was entered in this suit adjudging the defendant guilty of contempt, and imposing a fine of $100, which he paid. Application is now made requesting that such decree be vacated and set aside. Precisely the same application was made on January 16, 1901, and was denied, with a memorandum of opinion stating the grounds for such denial. 106 Fed. 637. No affidavit nor argument is presented here in any way controverting the sufficiency of the grounds set forth in the former opinion. The application, therefore, is denied for the

same reason as was stated before. The proceeding of the defendant, however, renewing an application already denied, without leave of the court first obtained, is outrageously vexatious to his adversary, and it would seem that a time has come when some action should be taken by the court to prevent the continued presentation of frivolous applications. If the defendant has not himself intelligence sufficient to understand the decisions and the opinions of the court, he should secure the services of some solicitor, and leave the conduct of the cause in his hands. It is not right that the plaintiff should be harassed by being brought into court on such applications, and it is unfair to the other litigants having proper motions upon the calendar to be delayed in having them heard while such applications as this are being urged. It appears from the records that in the final decree enjoining the defendant there was included a judgment for $699.91 costs, and that execution to the marshal has been returned nulla bona. Inasmuch as more than six terms have elapsed since the final decree, it would seem that this amount should be paid by the defendant before any further motion is made in this cause.