(5S App. Div. 97.)

## GALL v. GALL.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. JUDGMENT—MOTION TO MODIFY—COSTS.
    Where defendant moved to strike from a judgment against her the provision awarding costs to the plaintiff, which was denied, and the order was not appealed from, it was final, without permission to renew the motion, and another motion based on the same facts could not be entertained.

2. SAME—LACHES.
    Where defendant moved to strike from a judgment against her the provision awarding costs to the plaintiff over three years after the judgment was rendered, the motion was properly denied for laches.

Appeal from special term, New York county.

Action by Charles F. Gall against Amelia Gall, administratrix. From an order denying a motion to strike from the judgment against defendant the provision awarding costs to plaintiff, defendant appeals. Order affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

George W. McKenzie, for appellant.
Ira Leo Bamberger, for respondent.

McLAUGHLIN, J. The plaintiff on the 16th of October, 1897, recovered a judgment, including costs and allowances, against the defendant, as administratrix of Joseph Gall, deceased, for $21,960.60. The costs and allowances amounted to $1,835.60, which, in pursuance of a certificate made by the learned justice before whom the case was tried, were taxed and included in the judgment, and directed by it to be "recovered out of the individual property of the said Amelia Gall." On the 22d of October, 1897, the defendant made a motion to strike from the judgment the provision "that the plaintiff recover the costs of the action out of the individual property of the defendant," and to "set aside and vacate" the certificate of the trial justice awarding costs to the plaintiff, which resulted in an order modifying the judgment in so far as it directed the costs to be paid out of the individual property of the defendant, and striking such provision out of the certificate, and in other respects denying defendant's motion. From this order no appeal was taken. The defendant, however, did appeal from the judgment as thus modified; and after an affirmance by this court (27 App.

Div. 173, 50 N. Y. Supp. 563) she also appealed to the court of appeals, where, in October, 1899, the appeal was dismissed (160 N. Y. 696, 55 N. E. 1095). On September 19, 1900, nearly a year after the dismissal of the appeal to the court of appeals, the defendant made a motion to strike from the judgment originally entered the provision awarding costs to the plaintiff, and amending the judgment to that effect, "on the ground that the justice before whom the case was tried had no power to award costs and allowances. * * * The clerk had no power or authority to tax costs and allowances and enter judgment therefor." The motion was denied, and defendant has appealed. The order appealed from must be affirmed.

1. The power of the court to award costs to the plaintiff was before this court on the appeal from the judgment, and that question was then settled and determined. Mr. Justice Barrett, delivering the opinion of the court, said:

"As to the costs, it is sufficient to say that the trial justice, upon evidence which was satisfactory to him, made the certificate required by section 1836 of the Code of Civil Procedure. This certificate was subsequently amended upon affidavits, which the appellant has not chosen to present to us. We cannot say, therefore, that this amended certificate was unwarranted. The defendant is concluded thereby upon the question of costs. Having previously awarded costs under section 1836, it was within the discretion of the trial justice, in a difficult and extraordinary case, to grant an extra allowance. This was clearly such a case, and that discretion was fairly exercised."

2. The relief which the plaintiff sought to obtain by the motion which resulted in the order appealed from, the court refused to grant by the order made in November, 1897. No appeal, as has already been said, was taken from that order, the defendant apparently being contented to review the judgment by appealing therefrom. The judgment was affirmed, and the action of the justice granting the certificate approved; and, inasmuch as the order of November, 1897, was not appealed from, it is final and conclusive upon the defendant, and especially so in the absence of the statement of other facts then unknown to the moving party. No new facts are alleged, nor does it appear that permission has been given to renew the motion.

3. The motion was properly denied on the ground of defendant's laches. A party desiring to relieve himself from an order must move promptly and act with diligence. The defendant knew what the judgment was in October, 1897. She contented herself with appealing from it, and made no effort to obtain the relief here sought until upward of three years after the judgment was entered.

The appeal from the present order is without merit. There is nothing in the moving papers to show any justification for the appeal, and for that reason the appellant should personally pay the costs and disbursements of the appeal.

It follows that the order appealed from must be affirmed, with costs and disbursements to the respondent, to be paid by the appellant personally. All concur.