JONATHAN P. CILLEY *vs.* LIMEROCK RAILROAD COMPANY.
No. 731 (971)

SAME *vs.* SAME.
No. 732 (1048)

SAME *vs.* SAME.
No. 733 (1224)

Knox.   Opinion November 11, 1916.

*Exceptions.   Power of Law Court to dismiss exceptions of its own motion.
Rule of law as to renewing motion on a certain state of facts
where the same has been previously considered.*

While, in strictness, the doctrine of res adjudicata does not apply to the
decision of a motion and the court may on proper showing allow a motion
once denied to be renewed, a motion once denied on the merits cannot, as
a general rule, be renewed on the same state of facts without leave of
court.

In this case, there was no express leave of court and none can be implied.

Where there is a substantial diminution of the record as constituted by the
bill of exceptions, the law court may, of its own motion, dismiss the
exceptions.

At the January term, Knox county, Supreme Court, several
actions between the same parties were pending on the docket, to
which appearance had been made.   The last day of the term a writ
of entry and a bill in equity were entered, and the defendant's
appearance by counsel was entered on the docket, defendant's attor-
ney claiming that such entry was without authority.   At same time
a docket entry was made, referring all matters between these parties
to Justice Savage as referee.   At the hearing before the referee,
defendant's attorney objected to having case heard.   Referee filed
report and presiding Justice accepted same; to which defendant
filed exceptions.   Exceptions dismissed.

Case stated in opinion.

*J. P. Cilley,* for plaintiff.
*A. S. Littlefield,* for defendant.

SITTING: KING, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J.  It appears from the bill of exceptions, making use for convenience of the numbers given the cases in the court below, that numbers 971 and 1048 are actions of trespass entered at the January term, 1912 and April term, 1912, respectively of the Supreme Judicial Court for Knox county.  Due service of the writs in these cases was made and appearance for defendant duly entered.  Number 1224 is a writ of entry.  No service was made upon defendant.  It was entered at the January term, 1913 and the name of the attorney of defendant was entered upon the docket as appearing for defendant.  At the last named term a referee was appointed in these cases and five others pending between the same parties.  The defendant claims that the name of its attorney was never entered by its or his authority in number 1224 and that the appointment of the referee in the three cases under consideration was not made by its agreement or that of its attorney but was wholly unauthorized.  The bill of exceptions incorporates a motion in each of the three cases, under the oath of defendant's attorney, reiterating with particularity the facts above recited appropriate to the respective cases, and asks that the reports of the referee be not accepted, that the references be stricken off and the cases stand for trial.  The motion contains the allegation "that upon the finding by the attorney of the defendant that such entry of reference and (in number 1224) entry of defendant's answer to said writ had been made, he made an oral motion that the court strike off said entries, which motion the court denied and ordered the rule of reference to issue."  The motion also alleges that "the defendant at the hearing by the referee protested that it had never assented or agreed that said actions should be referred."

The bill of exceptions discloses that "upon this motion a hearing was had, and the evidence which is made part of these exceptions, together with the reports of the referee in all the cases referred to him, was taken out.

"The presiding Justice, however, did not pass upon any disputed questions or propositions of facts raised, but ruled that the report should be accepted, notwithstanding the objections made thereto, and made an order for the report to be accepted.

"To this order of the presiding Judge, the defendant. excepted and now presents his bill of exceptions and prays they may be allowed."

We think it apparent from the bill of exceptions that the ground of exceptions to the order accepting the reports of the referee is the alleged lack of agreement' of defendant to the reference and, in number 1224, the further ground that the entry of an appearance for defendant was unauthorized.

But before the rules of reference issued, the defendant, as the motions show, moved that the court strike off the entry of reference in the three cases and the entry of appearance in number 1224. This motion was denied and the rules of reference ordered to issue and it is not apparent that to this denial, a bill of exceptions was presented to the presiding Justice or even that objection was made or exceptions were reserved.

In strictness, the doctrine of res adjudicata does not apply to the decision of a motion and the court may, on proper showing allow a motion once denied to be renewed. *Belmont* v. *Erie R. R. Co.,* 52 Barb, 637; *Buckley* v. *N. Y. C. etc. R. R. Co.,* 42 N. Y. App. Div., 597; 59 N. Y. Supp., 742. And it has been held that a renewal or rehearing of a motion denied by one judge cannot be granted by another. *Dollfus* v. *Frosch,* 5 Hill, 493, 40 Am. Dec., 368. A motion once denied on the merits cannot as a general rule be renewed on the same state of facts without leave of court. *Riggs* v. *Purcell,* 74 N. Y., 370. *Gall* v. *Gall,* 58 N. Y. App. Div., 97; 68 N. Y. Supp., 649; *Johnson* v. *Johnson,* Walker, (Mich.), 3059; *Stacy* v. *Stephen,* 78 Minn., 480; *Jones* v. *Thorne,* 80 N. C., 72; *Corwith* v. *State Bank,* 11 Wis., 430, 78 Am. Dec., 719; *A. B. Dick Co.* v. *Wichelman,* 109 Fed., 81. Here was no express leave of court and none can be implied or assumed as the facts alleged and disputed were not considered by the presiding Justice.

The court is of opinion that defendant is precluded from making the same motion and that for this reason, the exceptions might be overruled. See *Richardson* v. *Wood,* 113 Maine, 328, 330.

The bill of exceptions expressly makes the evidence taken out before the presiding Justice part of the exceptions together with the report of the referee in all the cases referred to him and the transcript of the evidence shows that the docket entries in all eight cases were made part of the case, but neither the reports of the referee nor the docket entries, or copies of them, are a part of, or accompany, the printed case. There was a diminution of the record as settled by the presiding Justice. In *Atwood* v. *N. E. T. & T. Co.,* 106 Maine, 539, the exceptions of the plaintiffs as allowed and presented to the Law Court, made the evidence, including the plans and photographs exhibited, a part of the bill. The evidence, plans and photographs were not filed and were not produced at the Law Court. The defendant moved the dismissal of the exceptions. In the opinion sustaining the motion of defendant it is said: "The plaintiff's claim that the remainder of the bill without the evidence, plans or photographs contains enough to enable the Law Court to determine whether the ruling was correct or not. Whether the Law Court can so determine without the evidence, etc., is a question for the Justice who made the ruling and settled the bill of exceptions. He, not the Law Court, is the Judge in the first instance of what the bill should contain or omit. If the excepting party is not satisfied with the Justice's determination of that question, he should petition the Law Court to establish a proper bill of exceptions. If, instead, he brings to the Law Court the bill settled by the Justice, he must bring the whole of it as so settled,— must comply with all its requirements to be entitled to a hearing. It may be a hardship upon the plaintiffs but the duty was upon them to present to the Law Court the entire bill of exceptions as settled and allowed by the presiding Justice if they desired its consideration." The exceptions were dismissed. In *State* v. *Cady,* 82 Maine, 426, the defendant moved in arrest of judgment for insufficiency of the indictment. The motion being overruled, the defendant excepted. No copy of the indictment appeared in the bill of exceptions. The court says "but the Law Court has not been furnished with a copy of the indictment, and has no means therefore of judging of its sufficiency." No motion was made by the State that the exceptions be dismissed but as they were not argued by defendant they were regarded as waived and were over-

ruled. In *Varney* v. *McCluskey,* an entry in a memorandum book was offered by plaintiff and, subject to objection and exception the entry was read, but at the Law Court the entry did not appear in the printed record nor was the book produced. Although the parties agreed to characterize it as recommendation and objection to its absence was apparently waived, the Law Court refused to consider the exception, and it was overruled, 114 Maine, 205, 206, 207.

It may be objected that plaintiff has not moved the dismissal of the exceptions and has, therefore, waived the diminution of the record. But we do not think this deprives the Law Court of the power to dismiss the exceptions of its own motion. Where appellate courts have the power to issue certiorari in case of diminution of the record, it has been held that they may do so ex mero motu. So we conclude may the appellate court of its own motion dismiss exceptions where there is substantial diminution of the record. Otherwise by agreement of counsel or by the oversight of the party opposing the exceptions, a case may be presented to the appellate court entirely dissimilar to that shown by the bill of exceptions allowed by the Justice below: In the present instance the Justice presiding "did not pass upon any disputed question or propositions of fact raised" by the motion but ordered the reports of the referee accepted. This must have been done upon either the reports or upon the docket entries or both. How can the Law Court, without them, determine whether or not there was error?

*The exceptions may be dismissed.*
*So Ordered.*