CYRA, Respondent, vs. STEWART and another, Trustees, Appellants.

*February 4 — February 24, 1891.*

*Change of venue because of prejudice and hostile feeling.*

Where, in an action against a railroad company to recover damages for injuries by fire, alleged to have originated on its right of way, through its negligence in permitting combustibles to accumulate there, it appeared that the same fire extended over a considerable area, and that two similar suits against the company for such damages had already been tried and fourteen others were then pending, and facts were stated in numerous affidavits showing that

there was among the people of the county where the action was brought much hostility and general prejudice against the company, and one affidavit alleged a combination and conspiracy among the claimants and others to wrongfully charge the origin of the fires to the negligence of the company, and compel it to pay damages, irrespective of justice, *held*, that under subd. 2, sec. 2622, R. S., a change of venue ought to have been granted.

APPEAL from the Circuit Court for *Portage* County.

The defendants appeal from an order denying their motion for a change of the place of trial, on the ground that an impartial trial could not be had because of the prejudice and hostility of the people of Portage county.

By stipulation, fourteen other similar cases were to abide the decision herein. The case sufficiently appears in the opinion.

For the appellants there was a brief by *Howard Morris*, attorney, and *T. H. Gill*, of counsel, and oral argument by *D. Lloyd Jones*. They contended that the facts stated in the affidavits supporting the motion made a very strong case of "reason to believe" that an impartial trial could not be had in Portage county, which was all that the statute required; and also that the circuit judge was bound to exercise a sound legal discretion in the matter.

For the respondent there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park*. To the point that the court must be satisfied by evidence of facts and circumstances that prejudice exists, they cited *Rowan v. State*, 30 Wis. 129–134; *Frank v. Avery*, 21 id. 166; *Ross v. Hanchett*, 50 id. 491; *Parks v. Wis. Cent. R. Co.* 33 id. 413.

COLE, C. J. This is an appeal from an order of the circuit court denying the appellant's application for a change of the place of trial on account of the prejudice of the people of the county. There are fourteen other cases, identical with the present one, founded on claims for dam-

ages from a fire which, it is alleged, had its origin on the appellant's right of way, through its negligence in allowing combustible material to accumulate thereon.

The statute authorizes the court to change the place of trial "when there is reason to believe that an impartial trial cannot be had" in the county where the action was commenced. Subd. 2, sec. 2622, R. S. In other words, where a fair and impartial trial by the means provided by the law cannot be had in the county wherein the venue is laid, it constitutes a sufficient ground for the change. This is the obvious meaning of the statute.

The application was supported by some thirty-eight affidavits, and the counter-affidavits used in resisting the motion for a change were 151. To give even a brief summary of the matter stated in these various affidavits would fill more space in the published report than the nature of the case would justify, and we therefore need only say that the facts stated in the affidavits fully warrant, in our opinion, the belief that a fair and impartial trial of the cause could not be had in Portage county. The facts stated as to the local hostility and general prejudice on the part of the people against the defendant company amply sustain such a conclusion. It seems there has already been a trial of two cases for damages sustained by fires, and fourteen other cases are now pending, involving an inquiry into substantially the same facts as to the origin of the fires. It will be seen that many persons are directly interested in establishing the responsibility of the company for these damages. The fire extended over quite an area in the county, and it is natural to suppose that its origin and the liability of the company were topics that have been widely discussed among the people of the county. The affidavits show that these questions have been much discussed, and that many persons of standing and influence have expressed the hope that the company would be held liable to pay all

damages occasioned by the fires. These expressions of ill will and of hostile feelings against the company are so general that one of the attorneys of the company, who has personally been engaged for three years in investigating the claims for damages, states in his affidavit that, from conversations which he has had with the claimants and other reliable people conversant with the facts in the various suits, a combination and conspiracy has been formed among such claimants and others to wrongfully charge the origin of the fires to the negligence of the company, to the end that it may be made to pay all the damages, irrespective of the justice of the case. It is hoped that this statement as to there being a conspiracy formed against the company is not correct or according to the fact, but still it tends to show the state of public sentiment in the county. The affidavits state other grounds for personal feeling and local prejudice growing out of the management of the road,— the dissatisfaction of the people arising from the bonding of the county to secure the location of the machine and car shops of the company at Stevens Point, and the subsequent removal of some of these shops to another place; also on account of the alleged defective railroad service along the line of its road. These and other facts satisfactorily show that, on account of the prejudice and ill feeling which quite generally exist against the company, there cannot be a fair and impartial trial in the county. We do not think the statements in the opposing affidavits countervail these facts, or show that such prejudice and ill feeling do not exist against the company. The affiants state their belief that a fair and impartial trial could be had in the county, but this is largely speculative opinion; while in the supporting affidavits facts and circumstances are stated which show the grounds for a contrary belief.

Of course, the court should not lightly act upon the mere opinions of persons that a fair and impartial trial cannot

be had in the county; but, where such facts and circumstances are set forth as will enable the court to judge for itself whether there is sufficient ground to believe that such a trial cannot be had, the place of trial should be changed. This is, in effect, the rule as laid down by this court in *Frank v. Avery*, 21 Wis. 167; *Rowan v. State*, 30 Wis. 136; *Parks v. W. C. R. Co.* 33 Wis. 417; *Lego v. Shaw*, 38 Wis. 407; *Ross v. Hanchett*, 52 Wis. 496. It is true, the court has said that ¯the granting or denying an application of this character was largely a matter within the sound discretion of the trial court, and that its ruling in that regard would not be disturbed unless there had been an abuse of discretion; but where the facts and circumstances are stated, which satisfactorily show, as the proof does in this case, that a fair and impartial trial cannot be had in the county on account of hostile feeling and prejudice among the people against the party making the application, there a change should be granted. In this case, as we have intimated, the affidavits do satisfactorily show that a fair and impartial trial of the cause cannot be had in Portage county, and it should have been sent to some county where such feelings do not exist.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to grant the application.