E. P. STACY and Others v. WILLIAM STEPHEN.

January 18, 1900.

Nos. 11,853—(188).

### Garnishment—Supplemental Complaint.

To entitle a party to an order permitting the filing of a supplemental complaint under G. S. 1894, § 5319, he must make application therefor with reasonable diligence, and, if he neglects to do so for an unreasonable length of time, his application will be denied.

### Renewal of Motion.

A motion cannot be renewed, where no new facts have arisen, without leave of court.

Action in the district court for St. Louis county against William Stephen, doing business as Central Mercantile Company, defendant, and W. D. Underhill, garnishee, to recover $247.54 for goods sold and delivered. From an order, Cant, J., denying a motion for leave to file a supplemental complaint making the garnishee a party, plaintiffs appealed. Affirmed.

*Austin N. McGindley*, for appellants.

*James A. Hanks*, for garnishee respondent.

*Eckman & Stevenson*, for defendant respondent.

BROWN, J.

On August 30, 1898, the Central Mercantile Company, engaged in the commission business at Duluth as a corporation, made an assignment, under the insolvent laws of the state, for the equal benefit of all its creditors, to W. D. Underhill, garnishee and respondent in this cause. Due notice of the assignment was given to plaintiffs, who were creditors of the insolvent concern, and they duly appeared in the proceedings, and presented and filed their claim, together with a release thereof, executed in due form of law. On December 9, 1898, subsequent to the assignment and to the filing of such claim, plaintiffs commenced this action against William Stephen to recover upon the indebtedness so due from such corporation. The defendant is described in the summons and complaint, "William Stephen, doing business as Central Mercantile Company." Judgment was rendered against defendant on default January 19, 1899, for the sum of $267.14. Subsequent to the entry of the judgment, garnishee proceedings were instituted in the action, and said W. D. Underhill duly made garnishee. At the disclosure in February, 1899, the garnishee denied any indebtedness due defendant Stephen, but admitted that he had money and property in his hands belonging to the corporation. On the theory and claim that the corporation had no legal existence, and that the property in the hands of the garnishee in fact belonged to defendant Stephen, plaintiffs moved the court below for leave to file a supplemental complaint under G. S. 1894, § 5319, setting up such facts. The motion was denied on the merits, March 18, 1899, and no appeal was ever taken therefrom. Without obtaining leave of court to do so, plaintiffs, on August 4, 1899, again moved the court for leave to file such supplemental complaint, which was denied on August 19. The appeal under consideration is from this last order.

The motion was properly denied. A party to an action cannot be heard to make successive motions for the same relief. A motion once made and denied is final, and a bar to a second motion, except when the second motion is made by leave of court, or upon new

78 M.—31

facts arising subsequent to the first motion. No leave of court to renew this motion was asked for, or granted by the court, nor was it based upon any new facts. The first motion was based upon the ground that the Central Mercantile Company was not in fact a corporation, and that defendant Stephen was the owner of all the property in the hands of the assignee. The second motion was based upon the same ground. Plaintiffs may have discovered further evidence to substantiate this contention, but the facts on which they based both motions were the same. This rule is well established in this state. Weller v. Hammer, 43 Minn. 195, 45 N. W. 427; Griffin v. Jorgenson, 22 Minn. 92, and Irvine v. Myers & Co., 6 Minn. 394 (558).

And again, the motion was properly denied on the ground of appellants' laches. To be entitled to serve and file a supplemental complaint under G. S. 1894, § 5319, the plaintiff must proceed with reasonable diligence; and, if he neglects to make his application for an unreasonable time, the relief will be denied him. In this case appellants made no move towards obtaining leave to file this supplemental complaint from the time of the denial of the first motion, in March, until August following. In the meantime respondent proceeded with his duties as assignee, collected the property belonging to the trust estate, converted it into money, and paid certain preferred claims. Appellants make no attempt to excuse this delay in making the second application. The long delay, under the circumstances of this case, was unreasonable, and the motion was properly denied.

Order affirmed.