## STATE ex rel. JAMES DEGNAN v. DISTRICT COURT OF BLUE EARTH COUNTY and Others.[1]

April 29, 1910.

Nos. 16,717—(233).

**Divorce — Venue of Action.**

By the provisions of section 4794, G. S. 1894, as amended by section 3577, R. L. 1905, the rule in Hurning v. Hurning, 80 Minn. 373, was changed, and it was provided that actions for divorce shall be commenced and tried in the county wherein the plaintiff resides, unless changed by consent of parties, or when it shall appear that an impartial trial cannot be had therein, or that the convenience of witnesses and the ends of justice would be promoted by a change, and section 4096, R. L. 1905, has no application.

Upon the petition of James Degnan, this court issued an order directed to Honorable A. R. Pfau, Judge of the district court for Blue Earth county, and the clerk of that court to show cause why the files and records in the action of Antoinette Degnan v. James Degnan, commenced in the district court of that county, should not be immediately transferred to the county of Hennepin and the venue legally changed from the district court of Blue Earth county to the district court of Hennepin county. Order discharged.

*Baldwin & Murphy,* for plaintiff.

*C. O. Dailey,* for defendants.

LEWIS, J.

A resident of Blue Earth county commenced an action in that county against her husband, the relator, for divorce. He answered, and under the provisions of section 4096, R. L. 1905, made demand for a change of venue to Hennepin county, wherein he resided. Thereupon, before the files were transferred, the wife moved the district court of Blue Earth county for an order requiring the relator to pay the expenses of maintaining the action, attorney's fees, and

[1] Reported in 126 N. W. 133.

alimony. Upon that hearing the relator appeared and objected to the proceedings upon the ground that the court did not have jurisdiction of the action for the reason that it had been transferred to Hennepin county. The trial court overruled the objection, refused to dismiss the proceedings, and made an order requiring him to pay the expenses of the suit and attorney's fees. Relator then commenced this proceeding, and caused an order to be issued from this court requiring the judge of the district court of Blue Earth county to show cause why the papers and files in the divorce action should not be immediately transferred to the county of Hennepin.

In the case of Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342, it was held that under section 4794, G. S. 1894, actions for divorce must be commenced in the county in which the plaintiff resides, but were to be tried under the provisions of section 5185, G. S. 1894, in the county in which the defendant resides, if the defendant serves and files the affidavit and demand prescribed by chapter 28, p. 147, Laws 1895, and that upon filing with the clerk of court the demand and affidavit, with due proof of service upon plaintiff's attorney, such action was in fact transferred to the county of defendant's residence. That decision governs this case, unless the law was subsequently changed.

Section 4794, G. S. 1894, reads: "An action for a divorce may be brought by a wife in her own name; and all actions for divorce shall be commenced by summons and complaint in the county where the plaintiff resides, as hereinafter provided." This was reenacted by section 3577, R. L. 1905, with the following addition: "Subject to the power of the court to change the place of trial by consent of parties, or when it shall appear that an impartial trial cannot be had in the county where the action is pending, or that the convenience of witnesses and ends of justice would be promoted by the change."

It is evident that it was the purpose of the codifiers to change the rule in the Hurning case. The language of the amendment expressly grants to the court the power to change the place of trial for the specific reasons mentioned, thus by implication excluding all others, and the place of trial is in the county in which the plaintiff resides, unless changed for one or more of the reasons specified.

Order discharged.