## STATE EX REL. HARRY O. WARNER v. DISTRICT COURT OF MAHNOMEN COUNTY, AND HON. ANDREW GRINDELAND, JUDGE OF SAID COURT.[1]

### August 10, 1923.

### No. 23,660.

**Where domestic public service corporation may be sued.**

Section 7721, G. S. 1913 (chapter 552, Laws 1913), construed to permit suits against domestic public service corporations in any county wherein a cause of action arises and wherein any part of the defendant's lines are situated. But the statute does not change the long established rule that a domestic public service corporation may be sued (in a transitory action) in any county where it "has an office, resident agent or business place."

Upon the relation of Harry O. Warner the supreme court granted its order to show cause why a peremptory writ of mandamus should not issue directing the district court for Mahnomen county and Hon. Andrew Grindeland, judge of said court, to remand to Beltrami

[1]Reported in 194 N. W. 876.

county an action under the Federal Employers Liability Act, wherein relator was plaintiff and the Minneapolis, St. Paul & Sault Ste. Marie Railway Company was defendant. Writ granted.

Samuel A. Anderson, for relator.

W. E. Rowe and John E. Palmer, for respondents.

STONE, J.

This is an original proceeding, and is now before us on an order to show cause why a peremptory writ of mandamus should not issue to the district court of Mahnomen county, requiring the remanding to the county of Beltrami of an action under the Federal Employers Liability Act, wherein the relator is plaintiff and the Minneapolis, St. Paul & Sault Ste. Marie Railway Company is defendant. For convenience the relator will be referred to as plaintiff and the railway company as defendant. The plaintiff resides in Mahnomen county. While employed there by defendant in interstate commerce he received injuries, damages for which he is now seeking to recover from defendant. The defendant has a line of road running through Mahnomen county. Its lines run through Beltrami county also, and there it has one or more offices, agents and places of business. Because the plaintiff's injuries were received, and the defendant has a line of road, in Mahnomen county, it procured by the summary statutory proceeding a change of venue to Mahnomen county. A motion to remand was made and denied, and now it is sought by mandamus from this court to compel the remanding of the case to the district court of Beltrami county.

The motion to remand was denied upon the theory that when a cause of action of this kind arises in a given county, and any of defendant's lines of railway extends into or through such county, the action must be tried there. The holding was based upon section 7721, G. S. 1913. The proper construction of that statute is the question now before us, presented by a general demurrer to the petition for the writ of mandamus.

Section 7721 is section 4095, R. L. 1905, as amended by chapter 552, p. 799, Laws 1913. That act amended the old section to read

as follows. (The italics being those used in the law itself to indicate the new matter):

"4095. All actions not enumerated in paragraphs 4089-4094 shall be tried in a county in which one or more of the defendants reside when the action was begun. If none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate. A domestic corporation *other than railroad companies, street railway companies and street railroad companies, whether the motive power is steam, electricity, or other power used by said corporations or companies, also telephone companies, telegraph companies and all other public service corporations,* shall be considered as residing in any county wherein it has an office, resident agent or business place. *The above enumerated public service corporations shall be considered as residing in any county wherein the cause of action shall arise and wherein any part of its lines of railway, railroad, street railway, street railroad, without regard to the motive power of said railroad, street railway or street railroad, telegraph or telephone lines or any other public service corporation shall extend, without regard to whether said corporation or company has an office, agent or business place in said county, or not.*"

Again, we are called upon to determine from ambiguous language the legislative intent. We should not resort to outside aids, not even to the old act, unless the difficulty of the task, that is, unless the ambiguity of the new statute, compels such resort. We first examine then the new statute. To start with, it provides that transitory actions, "if none of the parties shall reside or be found in the state, or the defendant be a foreign corporation," may be begun and tried in any county which the plaintiff shall designate. Proceeding, it is provided that a domestic corporation *"other than"* public service corporations "shall be considered as residing in any county wherein it has an office, resident agent or business place." If we stop there, we are forced to the conclusion that, by the words "other than," a public service corporation is excepted from the operation of the language referred to, and should *not* be considered as residing in any county wherein it has merely an "office, resident

agent, or business place." That is the literal construction of the sentence under consideration, the third in order of the new statute. Notwithstanding its literal propriety, it gets us into trouble immediately, because the next sentence provides that public service corporations shall be considered as residing in any county wherein the cause of action shall arise, and wherein any part of its lines shall extend, "without regard to whether said corporation or company has an office, agent or business place in said county, or not." Why this "without regard" provision, if the preceding sentence is to have its literal interpretation? If public service corporations are not to be considered as residing for purposes of venue, in any county where they have offices, resident agents, or business places, why is it said that they shall be considered as residents of any county wherein the cause of action arises, and any part of their lines extends, regardless of whether they have such office, agent or business place therein? Thus we are brought immediately to realize that the sentence concerning domestic corporations "other than" public service corporations, if it is to be given its exact literal effect, no more and no less, makes surplusage and discards entirely the "without regard" clause at the end of the next sentence. Language in a statute by necessary construction may be rendered surplusage, but it is a result to be avoided wherever possible. Here the "without regard" clause seems to have a very definite purpose, one which we cannot frustrate by construing the language out of the law entirely.

The conflict between the two portions of the statute, and the necessity of giving every portion of it effect, justifies us now in seeking extraneous aids, and we go first to the law as it stood before the amendment. We find there the statement of a rule which has been law in Minnesota from very early days, to the effect that "a domestic corporation * * * shall be considered as residing in any county wherein it has an office, agent or business place." Section 4095, R. L. 1905; section 5185, G. S. 1894; section 40 (section 49) title 4, chapter 66, G. S. 1878.

Was it the intention of the 1913 amendment to modify this rule and provide that for venue purposes a public service corporation should not be considered a resident of any county wherein it had an

office, agent or business place, but that it could be sued only in the county wherein the cause of action arose, and wherein any part of its lines extend? If that was the intention, the amendment worked a radical change in the law—a change so great, so out of keeping with a long settled legislative policy, that it cannot be accepted as intentional when we read, as we do, that public service corporations shall be considered as residing in any county wherein the cause of action shall arise and wherein any part of their lines extend "without regard to whether said corporation or company has an office, agent or business place in said county, or not."

We realize that we must give the "other than" clause something less than the effect of an absolute exception in order to arrive at that result. But it is clear that it was not intended to create an exception to the rule that a domestic corporation shall be considered as residing in any county wherein it has an office, resident agent or business place.

If by that language an absolute exception had been intended, the following sentence, in order to carry the idea through and maintain consistency, would have read to the effect that public service corporations "shall be considered as residing only in any county wherein the cause of action shall arise, and wherein any part of its lines" extend, and the "without regard" clause would have been omitted entirely.

When, in construing statutes, courts are compelled to resort to extraneous aids, they always and properly consider the results of a given construction. Adopting that principle we find, first, that the literal construction of the "other than" clause not only reverses the rule long established by statute, but also eliminates the very significant provision expressed by the "without regard" clause. Moreover, it would mean that a citizen of Hennepin county, injured by the negligence of the defendant in Mahnomen county, would have to sue there, instead of in the county of Hennepin, where the defendant, a Minnesota corporation, has its principal place of business. It would mean that any citizen of Minnesota, having a cause of action of a transitory nature against a public service corporation, might have to go to the extreme ends of the state for a county in which

to sue, notwithstanding the fact that an office and agent of the defendant were next door to his residence or place of business. If such a result had been intended by the legislature, it is very clear that it would not have concluded the amendment now under consideration with the language found in the "without regard" clause. That is in substance a proviso that notwithstanding what precedes concerning the place where the cause of action arises, and wherein any part of the lines of the defendant extends, the latter may be sued in any county where defendant "has an office, agent or business place." The use of that now ancient phrase, "office, agent or business place" is significant. It has always been in our statute. We think it was used intentionally, and for the very definite purpose of preserving the long established right to sue a domestic public service corporation in a transitory action in any place where it has such "office, agent or business place."

We are satisfied that the legislature intended by the amendment to enlarge somewhat the privileges of a plaintiff in such an action. Under the old law he could sue only in a county wherein the defendant had an office, resident agent or business place. Under the amendment he may sue in such county, but in addition (and this is the new privilege) he may sue also in any county "wherein the cause of action shall arise, and wherein any part of its lines" extend.

We have been asked to construe the concluding sentence of the statute as though it read to the effect that public service corporations shall be considered as residing in any county "wherein the cause of action shall arise, or wherein any part of its lines" extend. That we decline to do. The immediate context which would be affected by such a change is not, standing alone, ambiguous. It needs no interpretation and we leave it as it stands. We have given to the whole statute the construction which *all* of its language construed together, without disregarding any portion of it, seems to require.

We have given attentive consideration to the contention that, if the statute were given the narrower construction urged by defendant, the plaintiff would still have the right to sue it in Hennepin

county, where its main office and principal place of business is located. The necessary premise of that argument is that a corporation always has a residence, for venue purposes, in the county where its principal place of business is situated. That of course is true, if there is no statute covering the whole subject in such manner as to supersede the common law rule. The argument cannot stand here because we have such a statute. We have had it for years. It covers the whole subject of the venue of actions and particularizes concerning those against corporations. It leaves nothing to implication. It is the whole law on the subject. We prefer not to construe it so as to make it incomplete and leave to inference the right to sue a domestic public service corporation in the county of its principal place of business.

The expediency of having actions tried in the county where the cause of action arises has been vigorously urged by counsel. It has weight. But we must apply a statute as we understand it, and here we cannot be governed by the fact that there is an *intrastate* importation of personal injury actions arising in other counties to those where the trial is inconvenient and expensive to the defense, but which comply with the statute as to venue. Subdivision 4 of section 7723, G. S. 1913, is intended to take care of such cases. It provides for a change of venue, "when the convenience of witnesses and the ends of justice would be promoted by the change." That is broad language and gives to district courts a large power, by the use of which they can put an end to the practice of trying actions against public service corporations in counties where the "convenience of witnesses and the ends of justice" are not served, as the legislature so plainly intended they should be, in fixing the venue of civil actions. In the first instance in actions such as this, the plaintiff has considerable latitude under the statute in selecting the county wherein to commence his action. But that privilege is clearly subordinate to the right and duty of the court to change the venue in any case where the proper motion is made and the "convenience of witnesses and the ends of justice would be promoted" by the change. It is not necessary that convenience of

witnesses and the ends of justice *require* the change. It is sufficient that they would be *"promoted."*

This may be such a case and this decision is without prejudice to the right of the defendant to ask, by a proper motion, that the action be retained in Mahnomen· county for the promotion of the convenience of witnesses and the ends of justice. The demurrer is overruled.

Let a writ of mandamus issue accordingly.