# L. A. DOLL v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

May 9, 1924.

No. 23,938.

**Actions under Federal Employers Liability Act against foreign corporations.**

1. Cases arising under the Federal Employers Liability Act against a foreign corporation may be commenced in the courts of this state (under G. S. 1913, § 7721), "in any county which the plaintiff shall designate." The jurisdiction of the state courts over such cases is settled by the Act of Congress, but the venue of such actions within the state is governed by state law.

**When venue of such action should be changed.**

2. Where such a suit is commenced in a county remote from all offices and lines of defendant railway company, its venue should be changed (under subdivision 4 of section 7723, G. S. 1913), in such manner as will best serve the convenience of witnesses and promote the ends of justice.

Action in the district court for Stearns county by the special administratrix of the estate of Alvah J. Dittrick, deceased, to recover $45,000 for the death of her intestate. From an order, Roeser, J., denying its motion for a dismissal and to set aside the service of summons and complaint, defendant appearing specially for the purpose of the motions, defendant appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.
*Dahl & McDonald,* for respondent.

STONE, J.

Action to recover damages for the death of Alvah J. Dittrick. He died from accidental injuries received while in the employ of defendant, in interstate commerce at St. Joseph, Missouri. At the time of his death, deceased was a resident of that city. Notwith-

[1]Reported in 198 N. W. 1006.

standing all that, administration of his estate has been granted to plaintiff in this state for the purpose of prosecuting this action. It was commenced in the district court of Stearns county, notwithstanding defendant has no line of road and no office in that county. However, it has a large mileage of track in other parts of the state.

In that situation, invoking the rule of Davis v. Farmers Co-operative Equity Co. 262 U. S. 312, 43 Sup. Ct. 556, 67 L. ed. 996, and averring that the maintenance of this suit against it in Stearns county is an unlawful interference with interstate commerce, defendant moved for a dismissal of the action. It appeals from the denial of that motion.

This case is controlled by State ex rel. Schendel v. District Court, 156 Minn. 380, 194 N. W. 780, and there must be an affirmance unless a single differentiating circumstance requires a contrary result. That single point of difference is that, in the Schendel case, the defendant railway company had a line of road in the county where the action was commenced. That circumstance is not present here—the lines, of defendant not extending into or anywhere near Stearns county.

We are of the opinion that, under the controlling statutes, that single point of difference does not alter the result.

To begin with, the question of jurisdiction is settled by section .6 of the Federal Employers Liability Act (U. S. Comp. St. § 8662), which provides that the jurisdiction of the courts of the United States in cases arising under the act "shall be concurrent with that of the courts of the several states," and prohibits the removal of an action when properly brought "in any state court of competent jurisdiction." That disposes of the question of jurisdiction.

So far no question is made by appellant, but its argument proceeds to the effect that, inasmuch as Minnesota is divided into 6 divisions for the purpose of Federal jurisdiction, and in the Federal courts defendants can be sued only in the division of their residence, no suit like this can be maintained in the state courts in any county other than those in the division or divisions wherein the suit could be brought in the U. S. district court.

We hold otherwise, and for reasons as follows: The question of the jurisdiction of the state courts to entertain this action being settled by the Act of Congress, we are now come to a mere question of venue and not of jurisdiction. Congress may create rights and provide for their enforcement in the state courts, and, in such cases, those courts may not decline jurisdiction. But Congress may not go farther and govern the state courts on questions of venue, nor direct where or within what limited portion of the state its courts may function with respect to cases within their jurisdiction. That is a question for local regulation and state authority.

It is disposed of here by statute, G. S. 1913, § 7721, which provides that if the defendant be a foreign corporation, "the action may be begun and tried in any county which the plaintiff shall designate." That statute controls and disposes of this case adversely to appellant.

To hold otherwise would be to consider the acts of Congress and the rules of the U. S. district court governing Federal jurisdiction and procedure in the district of Minnesota applicable to and controlling the state courts. In other words, it would have to be considered that section 6 of the Employers Liability Act by implication has amended, pro tanto, the statutes of Minnesota concerning venue.

In passing, it is well to observe that, if the case were in the United States district court and had been brought in the wrong division, defendant's remedy would be by a motion to transfer it to the right division and not by a motion to dismiss. Our state law, subdivision 4 of section 7723, G. S. 1913, provides a similar remedy in the motion for a change of venue on the ground of convenience of witnesses. State ex rel. Warner v. District Court, 156 Minn. 394, 194 N. W. 876. With such a procedural device in their hands, our district judges may be trusted to see to it, if they are given the opportunity by appropriate motions, that these "imported" cases which are properly imported, are not tried in counties so remote from the territory of the defendant that there will be any undue burden upon, or interference with, interstate commerce. Plaintiffs are entitled to as much consideration as defendants and these cases should

be tried in the county where the convenience of witnesses and ends of justice will best be served.

Order affirmed.