STATE EX REL. MARCUS NESSETH v. DISTRICT COURT OF HENNEPIN COUNTY.[1]

July 8, 1932.

No. 29,120.

*Smith, Callahan & Carlson* and *George F. Gage,* for relator.
*P. V. Dooley,* for respondent.

DIBELL, J.

Order to show cause why a writ of mandamus should not issue from this court to the district court of Hennepin county to review an order denying the motion of Marcus Nesseth, the defendant in a divorce action brought by his wife, Unny Nesseth, in Hennepin

[1]Reported in 243 N. W. 692.

county, where she resided, to change the place of trial, upon the ground that it would promote the convenience of witnesses and the ends of justice, to Renville county, where he resided.

■ The motion was made pursuant to G. S. 1923 (2 Mason, 1927) § 8588, a part of the chapter on divorce, which reads:

"An action for divorce may be brought by a wife in her own name, and all actions for divorce shall be commenced by summons and complaint in the county where the plaintiff resides, as hereinafter provided, subject to the power of the court to change the place of trial by consent of parties, or when it shall appear that an impartial trial cannot be had in the county where the action is pending, or that the convenience of witnesses and ends of justice would be promoted by the change."

An amendment, not important here, includes actions for separation. L. 1931, p. 255, c. 226, Mason, 1931 Supp. § 8588. A similar provision authorizing the change of the place of trial of civil actions, found in G. S. 1923 (2 Mason, 1927) § 9216(4), is as follows:

"When the convenience of witnesses and the ends of justice would be promoted by the change."

Mandamus has long been recognized as a proper method for determining the place of trial. In State ex rel. Hilton v. District Court, 159 Minn. 282, 283, 198 N. W. 667, Judge Taylor, reviewing the cases, said:

"Although the use of mandamus as a reviewing writ is recognized to be a perversion of the original purpose of the writ, the practice of using it to settle disputes as to the proper place of trial has been adopted * * * and is now firmly established."

The misuse and obvious perversion of the writ from a writ demanding action of some kind by a court to a writ requiring action of a particular kind were thought justified by the convenience which resulted; and so the court held not controlling the provision of G. S. 1923 (2 Mason, 1927) § 9722, providing that the writ might "require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, but it cannot control judicial

discretion." We do not understand that the defendant complains of the method of review, and we only mention the rule so that it may not be thought that we are extending the approved use of the writ. Indeed one of the briefs says that "as far as the profession is concerned we see no good reason why there should be any objection as to how matters are brought on for review before the supreme court." We do.

■ Whether a change of venue shall be granted is largely discretionary with the trial court. Wilson v. Richards, 28 Minn. 337, 9 N. W. 872; Swanson v. Alworth, 159 Minn. 193, 198 N. W. 453; State ex rel. Warner v. District Court, 156 Minn. 394, 194 N. W. 876, 878. In the latter case, the court in referring to § 9216(4) said [156 Minn. 400]:

"It is not necessary that convenience of witnesses and the ends of justice require the change. It is sufficient that they would be 'promoted.'"

■ The plaintiff's claim is that the defendant has property worth $63,000. He claims that it is not worth more than one-fourth of that amount. There are claims of cruel and inhuman treatment, and there is a counterclaim on a like ground and further for desertion. The plaintiff claims that she will have something like 25 witnesses from Minneapolis, and defendant claims he will have about a like number from around Olivia. They are about 100 miles apart. Both parties may exaggerate. The plaintiff urges as a reason for retaining the action in Hennepin county that if the trial is had there it will be delayed beyond the time when it would be reached in Renville county, and that in the meantime the financial depression may be relieved, and the Renville county lands have become more valuable, which is not a good reason at all, but there are other facts which are. The affidavits are conflicting. Many witnesses reside in Hennepin county, and their affidavits indicate that they will furnish testimony of some kind favorable to the defendant. It is likely that neither party is quite candid. A divorce case must be brought as this was in the county where the plaintiff resides. G. S. 1923 (2 Mason, 1927) § 8588. The ordinary civil

case is to be tried where the defendant lives. G. S. 1923 (2 Mason, 1927) §§ 9206, 9214, 9215. The defendant had no absolute right of trial in Renville county, and confessedly the action was properly brought in Hennepin county. With all the disputed affidavits, we cannot say that it was not within the fair discretion of the trial court to deny the motion for a change. We can review only the showing made before the trial court. State ex rel. M. St. P. & S. S. M. Ry. Co. v. District Court, 161 Minn. 176, 201 N. W. 298.

Order to show cause discharged and writ denied.