BELDEN, Respondent, vs. FIELD and another, Appellants.

*April 12—May 9, 1933.*

For the appellants there was a brief signed by *Rouiller & Dougherty,* attorneys, and oral argument by *Robert E. Tehan* of counsel, all of Milwaukee.

For the respondent there was a brief by *Stephenson, Fisher & Richardson* of Kenosha, and oral argument by *Chester D. Richardson.*

FAIRCHILD, J. It is conceded on the record before us that a jury question exists as to the negligence of the defendants, and we entertain no doubt as to the existence of a jury question as to the negligence of the plaintiff. We do not discuss other errors assigned because of our conclusion upon the question raised by the application for a change of venue. Our answer on that point determines this appeal and requires a new trial.

The circuit judge was the plaintiff in the case and appellants moved for a change of venue. This motion was referred to the county court for consideration where the request was denied. The infrequency with which situations here presented arise explains the lack of precedents and articulate rule positively requiring a change of the place of trial to a proper county in a circuit of which the plaintiff is not the presiding judge. That an abuse of discretion was involved in refusing appellants' application becomes apparent upon reflection, when we consider the purpose of the legislation enacted by sec. 261.01, Stats. That section provides that when in circumstances present in this case the circuit judge before whom any action may be brought shall be a party, such action may be brought and tried in any county of an adjoining circuit. With that section must also be considered sec. 261.06, which reads:

"Whenever the judge is a party or interested in the matter in controversy in any action pending before him, or is related to or has been of counsel for either party, the court or the presiding judge thereof shall, upon application of

either party, and may without such application, change the place of trial of such action or call in another judge in the manner," etc.

There are some forms of action local in character which for that reason may properly be tried within the circuit when the circuit judge is a party, and in any case where the defendants make no proper demand for a change of venue the statutes here set forth are not called into operation. None of these considerations, however, appear here to impair the rule requiring a change of place of trial and calculated, so far as possible, to insure an impartial investigation and an acceptable determination of the issues in such case.

The affidavit in support of the application for change of venue alleges that the "plaintiff, E. B. Belden, is the circuit judge for said county, and that by reason thereof said action should not be properly tried in the county of Kenosha." When this was presented it became apparent that appellants did not want to waive the right, if such they had, to have the case removed to an adjoining circuit. Their grounds for asking for the change were limited, but the application clearly conveyed the request and assigned as reason therefor that the county designated was not a proper place for the trial because there was reason to believe that an impartial trial could not be had, the presiding judge of the circuit for that county being the plaintiff.

The letter of the statute certainly permits and the spirit of the law requires that the manifest purpose of the legislation controls the ruling upon such applications. The inference arising from the situation disclosed in the application for change when considered in the light of human experience strongly supported appellants' request. It presented not only a possibility but the likelihood of the very situation arising, of which appellants now complain, where a case was tried before a jury the members of which had

served as jurors under the presiding judge—the plaintiff in the action—during the term of court at which the case was tried.

The circuit judge is one of the most important officials in our arrangement of government. While as an individual his title to distinction and respect rests upon his virtues and merits as a man, still one in that position who faithfully discharges his duties must necessarily and properly enough win a place of favorable estimation in the opinion of his fellow citizens. This is particularly so with the jurors who attend his court, for they, more than the members of the community in general, see the character and extent of his labors. That such favorable opinion can only be maintained by disinterested efforts for the public welfare, and that each man is entitled to the credit for such merit as he possesses, does not lessen the factor of position and influence when circumstances arise under which a circuit judge becomes a party to an action and where he submits his cause on his testimony to the jurors who have been in attendance upon his court during the term even if a disinterested judge presided at the trial.

In reaching the conclusion that upon appellants' request the case should have been transferred for trial to a county determined upon under the statutes, we have considered some recent pronouncements of this court, such as *Maahs v. Schultz,* 207 Wis. 624, 242 N. W. 195, wherein it was said:

"We may say, however, that there is nothing so essential in the administration of justice as the avoidance of seeming partiality. Every suitor is entitled to have his case tried before an impartial forum. Every effort should be made to avoid any reason for suspicion on the part of a suitor that he has not had a fair and impartial trial."

In *Bangor v. Hussa C. & P. Co.* 208 Wis. 191, at p. 198 (242 N. W. 565), we find this language:

"In a jury trial there are a great many factors, some of them very subtle, which, consciously or unconsciously, in-

fluence the juror's mind in judging the credibility of witnesses and resolving the merits of the case."

It is expressly provided by statute that every person summoned as a juror for any term shall be discharged when it appears that he is a party to any action triable by jury at such term. Sec. 270.16. It is essential to public confidence in the administration of justice that there not only appear to be but that there actually be great concern manifested at all times, by judges, surely, to insure the right of every citizen to be tried by judges and jurors as "free, impartial, and independent as the lot of humanity will admit." In *Hall v. Thayer,* 105 Mass. 219, it is said that this proposition "rests upon a principle so obviously just and so necessary for the protection of the citizen against injustice, that no argument is necessary to sustain it, but it must be accepted as an elementary truth."

*By the Court.*—Judgment reversed, cause remanded for a new trial and with directions to grant appellants' motion for a change of venue.