STATE EX REL. AUSTIN MUTUAL INSURANCE COMPANY
v. DISTRICT COURT OF BROWN COUNTY AND OTHERS.
STATE EX REL. FIREMAN'S FUND INSURANCE COMPANY
v. SAME.
IN RE AMANDA ZEMPLE v. AUSTIN MUTUAL INSURANCE
COMPANY AND FIREMAN'S FUND INSURANCE
COMPANY.[1]

June 7, 1935.

Nos. 30,567, 30,568.

*Wilson & Wilson* and *William P. O'Brien,* for relators.
*Pfaender & Glotzbach,* for respondents.

[1]Reported in 261 N. W. 701.

596

Per Curiam.

*Mandamus* to review an order denying defendant's motion for change of venue from Brown to Blue Earth county for the convenience of witnesses. Two cases are involved, but as both present the same questions only one need be considered.

The action was brought to recover a claimed loss by fire for the partial destruction of plaintiff's home in Mankato, Blue Earth county. The action was brought in Brown county. Defendant is one of the insurers of the property so damaged. The answer alleges (1) that plaintiff fraudulently overinsured her property in violation of policy provisions; that she had insured the property in two different companies, taking both policies in the amount of $4,000 each; that only one policy in that sum was permissible; that the property as a consequence was overinsured and that defendant knew nothing of the existence of such other policy; (2) that the fire was wilfully and intentionally set by plaintiff's husband, who was convicted of arson because of this fire and sentenced to a term at the state penitentiary; that plaintiff was in collusion with him and a party thereto, and because thereof plaintiff has no right of recovery. The reply put in issue these allegations on the part of defendant. The issues were joined, and the case was for trial in Brown county. Thereupon defendant moved for a change of venue from the county where the case was made triable by the pleadings to Blue Earth county upon the ground that the convenience of witnesses and the ends of justice would be promoted thereby, such motion being based upon 2 Mason Minn. St. 1927, § 9216(4). The motion was supported by an affidavit of one of counsel for defendant and upon the records and files in the case. In the return of the trial court to the writ herein it is stated:

"There was no suggestion that a view of the premises would be requested, or would be necessary or advisable. There was no suggestion of any reason why the ends of justice would be promoted by the change other than the convenience of the witnesses, and no showing as to the additional costs to defendant, except its counsel's statement of an estimate that from $75.00 to $100.00 additional

expense might be incurred. On the part of the plaintiff, oral objections were made to the change to Blue Earth county on the grounds that the convenience of witnesses which might be promoted by the change was negligible, and that the ends of justice would not be promoted by the change, mainly for the reason that plaintiff could not have an impartial trial in Blue Earth county."

Pursuant to agreement between counsel, the objections were thereafter reduced to writing and filed. The return further states that plaintiff at no time invoked subd. 3 of the section mentioned but used the language thereof to sustain her claim "that the ends of justice would not be served by a change to Blue Earth county because she could not have an impartial trial therein." Counsel for defendant urged upon the trial court that under the provision of said subd. 3 plaintiff could only proceed thereunder after the case had been removed to Blue Earth county. Further time was requested within which to file affidavits in opposition to the affidavits furnished by plaintiff, and such additional time was granted until May 24, 1935, at which time additional affidavits were furnished and filed by defendant.

The court thereupon proceeded to consider the motion for the requested change and took into consideration the various matters which could properly be considered by the court. We have read the affidavits and the return of the trial judge and have reached the conclusion that fact issues alone were presented and that as such its order cannot be disturbed.

Where *mandamus* is used to review an order of the trial court on motion to change the place of trial to promote the convenience of witnesses and the ends of justice, the only matters that can be considered here are those presented to the trial court. This court sits in review and does not try the facts. State ex rel. M. St. P. & S. S. M. Ry. Co. v. District Court, 161 Minn. 176, 201 N. W. 298. See also Fauler v. C. B. & Q. R. Co. 191 Minn. 637, 253 N. W. 884; 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 10126, 10127, 10129.

We are impressed with the views expressed by the trial judge in his return that plaintiff could not have a fair trial in Blue Earth

county because of the notoriety plaintiff's husband has received and very properly earned in that county, he having been convicted of the crime of arson, of the crime of rape, and other charges, which, while less serious, nevertheless were such as to create local prejudice.

On the motion to change the venue from Brown to Blue Earth county it was necessary for defendant not only to show that such change would make it more convenient for the attendance of witnesses but also that the ends of justice would be promoted thereby. We are of opinion and so hold that the trial court was authorized to hear and determine these issues upon the present motion; that its discretion was called into play and was properly exercised. We should not permit delay of trial and decision on the merits by dilatory procedural encumbrances.

Writs discharged.