CAROLINE MARY BUCKHEIM v. VICTOR JOHN BUCKHEIM.[1]

June 9, 1950.

No. 35,264.

---

[1]Reported in 43 N. W. (2d) 113.

*John H. Louisell* and *William E. Tracy,* for relator.
*Ewing, Feidt & Nicholson,* for respondent.

PER CURIAM.

Order to show cause why mandamus should not issue to the Honorable John A. Weeks, judge of the district court of Hennepin county, commanding him to change the venue of the above action from the district court of Hennepin county to the district court of St. Louis county.

The action is one for divorce. It was commenced in the district court of Hennepin county by service of summons and complaint upon defendant, Victor John Buckheim, on October 27, 1949. Plaintiff, Caroline Mary Buckheim, and defendant were married at Duluth on June 14, 1945, and resided there until October 21, 1949. They have one child, a girl, aged two years. On that date plaintiff left Duluth and returned to her former home in Minneapolis, commencing this action six days later.

On October 28, 1949, the day following service of the summons and complaint upon him, defendant served upon plaintiff a notice of motion for change of venue of the action to St. Louis county on the ground that plaintiff was not a bona fide resident of Hennepin county and for the convenience of witnesses.

The affidavit in support of said motion specified the grounds therefor as follows:

"That plaintiff commenced an action for divorce on the 26th day of October, 1949, and therein falsely stated her residence to be County of Hennepin, State of Minnesota.

"* * * That all of the witnesses who can and will testify on behalf of the defendant reside in and about Duluth, St. Louis County, Minnesota. * * * that there are no witnesses in said County of Hennepin who could testify for or on behalf of either plaintiff or defendant.

\* \* \*

"\* \* \* That in addition to the material witnesses residing at Duluth, Minnesota, who can testify on behalf of the defendant it may be necessary for the defendant to secure testimony of the proprietor and/or clerk of a hotel at Superior, Wisconsin, \* \* \*. That it would be very difficult for defendant to have these material witnesses residing in Superior, State of Wisconsin, appear in the County of Hennepin."

Plaintiff filed a counter affidavit at the time of the motion, setting forth that she was born in the city of Minneapolis and resided there continuously from the date of her birth until June 1944; that thereafter she resided in Duluth until about October 19, 1949; that on October 19, 1949, she reëstablished her residence in Hennepin county and intends to continue her residence there; that she is employed in Minneapolis as a waitress and lives with a young married couple near Minneapolis, who take care of the child of the parties while she is at work; that a transfer of the action to St. Louis county would entail great expense and inconvenience because of the minor child; and that she is unable to obtain work in Duluth.

The motion was heard on November 22, 1949, and was denied by Judge Weeks on December 7, 1949. Attached to the order denying the motion was a memorandum in which the court stated:

"\* \* \* That he [defendant] has also attacked her [plaintiff] numerous times in the home of the parties so that it was necessary to call the police for protection.

"Finding such treatment unbearable any longer after the birth of her child in 1948, \* \* \* she was forced to leave her home on October 19, 1949 and flee to her former place of residence and home in Hennepin County, Minnesota.

"\* \* \* In support of said motion defendant has served an affidavit in which he states that at the time of the commencement of the action plaintiff and defendant were both residents of Duluth, Minnesota. He asserts generally that material witnesses who can

testify on behalf of the defendant reside in Duluth, and more particularly a witness at Superior, Wisconsin. Defendant entirely fails to name any of the witnesses or what they will testify to with the exception of the witness at Superior who he fails to name but alleges in a very sketchy and very general manner as to what he might testify."

At the hearing and prior to the making of this order, Judge Weeks had stated in open court that he would accept additional affidavits from defendant if the latter desired to file them. No continuance was asked for, however, nor was any time specified in which such affidavits should be presented. After a delay of approximately two weeks, during which defendant was not heard from, the order denying his motion was made. Defendant subsequently explained this delay by affidavit that in the interval he had been called out of the state in connection with his employment and had not returned until December 5, 1949, and was hence unable to consult with his attorney or to present the additional affidavits suggested by the court.

On December 10, 1949, defendant served and filed a new motion for a change of venue, this time setting forth in his affidavit the names of the witnesses for whose convenience the motion was made and the substance of their expected testimony. No authority, however, was granted by the court to make this new motion.

Defendant's subsequent motion was heard February 25, 1950, by Judge Weeks. On March 25, 1950, he made an order denying it and denying defendant's motion to set aside the prior order. In a memorandum attached to the order denying defendant's motion for change of venue, the court stated:

"The identical motion made herein was previously made and denied. The within motion is but a renewal of the previous motion. A motion may not be renewed without leave of court."

The petition for an alternative writ of mandamus followed.

■ Venue for divorce actions is prescribed by M. S. A. 518.09, which provides:

"An action for divorce or separate maintenance may be brought by a wife in her own name, and all actions for divorce shall be commenced by summons and complaint in the county *where the plaintiff resides,* as hereinafter provided, subject to the *power of the court to change the place of trial* by consent of parties, or *when it shall appear that an impartial trial cannot be had in the county where the action is pending, or that the convenience of witnesses and ends of justice would be promoted by the change."* (Italics supplied.)

Under this statute, it is clear that if at the time of the commencement of the action plaintiff was a resident of Hennepin county the action was properly brought in the district court thereof.

Residence has been defined as an abode, dwelling, habitation, or place where one actually lives. This may or may not be permanent and fixed for the purpose of domicile, and may be acquired in a short period of time. Searles v. Searles, 140 Minn. 385, 168 N. W. 133; 54 C. J., Residence, § 1; 17 Am. Jur., Domicil, § 9. The facts here disclose that plaintiff returned to her former home in Hennepin county prior to the commencement of her action, and they clearly establish that she intended and desired to continue her residence there. Under the authorities cited, it follows that the facts presented were sufficient to sustain the court's determination that plaintiff's residence was in Hennepin county at the time of the commencement of the action.

While it is true that under § 518.09 the trial court may change the place of trial "when it shall appear that an impartial trial cannot be had in the county where the action is pending, or that the convenience of witnesses and ends of justice would be promoted by the change," we have always held that such power vested in the district court is largely discretionary, subject to the rule that the exercise of such discretion will be upheld here unless there appears to be an abuse thereof. State ex rel. Degnan v. District Court, 110 Minn. 501, 126 N. W. 133; State ex rel. Nesseth v. District Court, 186 Minn. 513, 243 N. W. 692.

■ Here, the trial court's memorandum indicates its opinion that the ends of justice would be better promoted if the trial were in Hennepin county. In view of the insufficiency of the affidavits submitted in support of the first motion, the question of convenience of witnesses was not then involved; hence we cannot say that the court abused its discretion in denying the motion at that time. Whether additional affidavits should subsequently have been received on the first motion was a matter within the discretion of the trial court. Dunwell v. Warden, 6 Minn. 194 (287); Farmers' Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5. The subsequent motion was made without the trial court's consent, and no duty rested upon it to give consideration thereto. Stacy v. Stephen, 78 Minn. 480, 81 N. W. 391; McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134.

While the affidavits submitted in support of defendant's motion may have been sufficient to sustain an order directing a change of venue, the counter affidavits also considered at that time reasonably establish that the trial court did not abuse its discretion in denying the second motion in any event. In substance, they established that the convenience of plaintiff and her witnesses justified a trial in Hennepin county. It does not appear to us that it will be too difficult nor cause too much additional expense for defendant to subpoena and produce essential witnesses for the trial of the case in Hennepin county. Plaintiff may there proceed without fear of threatened bodily harm from defendant, and the case may there be determined in the light of material evidence presented by the parties.

Order to show cause discharged and writ denied.