## ALVA F. CASTLE v. VILLAGE OF BAUDETTE.

125 N. W. (2d) 416.

December 20, 1963—No. 39,297.

---

[2]See, also, Minneapolis, St. P. R. & D. Elec. T. Co. v. Grimes, 128 Minn. 321, 150 N. W. 180, 906.

*Olson, Kief & Severson,* for relator.
*John R. Krouss,* for respondent.

NELSON, JUSTICE.

Application upon the relation of the plaintiff, Alva F. Castle, for a peremptory writ of mandamus to compel the District Court of Lake of the Woods County to transfer the venue of the above action to another county in the ninth judicial district wherein a fair trial can be had.

Briefly, the facts involved are these: On August 3, 1955, plaintiff commenced an action against the village of Baudette, in Lake of the Woods County, to recover for injuries he received October 1, 1954, in an altercation in the municipal liquor store of that village, allegedly due to an illegal sale. We will not state the facts more fully with respect to the action since it remains for trial.

According to the petition for the writ, in November 1955 plaintiff was arrested and arraigned in the Baudette municipal court on a statutory complaint charging him with carnal knowledge of a 15-year-old girl. Reports about the proceedings and facts concerning the crime were published in the local newspaper and were otherwise widely circulated among the populace of the village and the county. (The total population of the county is approximately 4,700.) In 1956 plaintiff was found guilty of the crime charged after a jury trial in Lake of the Woods County and was sentenced to the State Prison at Stillwater, where he served 5½ years of his sentence. He was released from prison in 1962 and returned directly to his home in Lake of the Woods County.

Since the civil action against the village is due to come up for trial in Lake of the Woods County, upon the facts heretofore recited plaintiff moved for a change of venue to another county in the ninth judicial district, contending that he cannot receive a fair and impartial trial in Lake of the Woods County. His petition in this court for a writ of mandamus followed the denial of his motion for change of venue.

■ Mandamus has been adopted by this court as a proper procedure to review a decision of the trial court denying a motion for change of venue.[1] We have also said that it is proper, and often preferable, to determine the place of trial prior to the actual trial of the case rather than afterwards.[2]

■ Minn. St. 542.11 reads as follows:

"The venue of any civil action may be changed by order of the court in the following cases:

"(1) Upon written consent of the parties;

"(2) When it is made to appear on motion that any party has been made a defendant for the purpose of preventing a change of venue under section 542.10;

"(3) When an impartial trial cannot be had in the county wherein the action is pending; or

"(4) When the convenience of witnesses and the ends of justice would be promoted by the change."

Ordinarily, in determining whether, under § 542.11, the place of trial should be changed in the interest of justice, the trial court has a wide discretion and will not be disturbed in the exercise of that discretion unless this court becomes fairly convinced that a fair trial cannot be had at the place where the case is about to be tried.[3] In State ex rel. Warner v. District Court, 156 Minn. 394, 400, 194 N. W. 876, 878, we said:

"* * * It is not necessary that * * * the ends of justice *require* the change. It is sufficient that they would be *'promoted.'* "

---

[1]Miller v. Anchor Cas. Co. 233 Minn. 87, 45 N. W. (2d) 705; State ex rel. Nesseth v. District Court, 186 Minn. 513, 243 N. W. 692. See, also, State ex rel. M. St. P. & S. S. M. Ry. Co. v. District Court, 161 Minn. 176, 201 N. W. 298; State ex rel. Austin Mutual Ins. Co. v. District Court, 194 Minn. 595, 261 N. W. 701.

[2]Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; State ex rel. Security State Bank v. District Court, 150 Minn. 498, 185 N. W. 1019.

[3]State v. Thompson, 266 Minn. 385, 123 N. W. (2d) 378; State ex rel. Nesseth v. District Court, 186 Minn. 513, 243 N. W. 692; King v. Schultz, 231 Minn. 569, 43 N. W. (2d) 278 (other cases collected in opinion).

In Berry v. North Pine Elec. Co-op. Inc. 235 Minn. 562, 569, 50 N. W. (2d) 117, 123, this court said:

"Where there is reason to believe that it will be impossible to obtain a fair and impartial trial in the county selected because of local prejudices, feelings, and opinions, the ends of justice require that a change of venue be granted."

The claim on the part of plaintiff is that so much publicity has been given to his conviction[4] and his being sentenced to the State Prison that a fair trial of his civil action cannot be had in Lake of the Woods County.

It seems quite clear from a review of the record that the publicity given to the plaintiff's conviction of carnal knowledge heretofore referred to has aroused altogether too much continuing interest and feeling to warrant the conclusion that a fair and impartial trial can be had in the same community. In support of his motion for change of venue plaintiff furnished numerous affidavits by well known and influential citizens of Lake of the Woods County stating generally their belief that the people of the Baudette area harbor a severe prejudice against plaintiff by reason of his felony conviction and that he could not receive a fair and impartial trial of his action against the village of Baudette in said county. The affiants appear to be familiar with the facts regarding relator's sex crime conviction, his imprisonment, and his pending civil action. Apparently, the affiants are professional and business people of standing, fully conversant with the facts involved, who have not hesitated to come forward and place themselves of record with respect to their views and beliefs in the matter now before this court.

In Cyra v. Stewart, 79 Wis. 72, 75, 48 N. W. 50, 51, which involved a somewhat similar showing with respect to local prejudice, the Supreme Court of Wisconsin determined that a change of venue should be granted, saying:

"Of course, the court should not lightly act upon the mere opinions of persons that a fair and impartial trial cannot be had in the county;

---

[4] State v. Castle, 260 Minn. 293, 109 N. W. (2d) 593.

but, where such facts and circumstances are set forth as will enable the court to judge for itself whether there is sufficient ground to believe that such a trial cannot be had, the place of trial should be changed. * * * It is true, the court has said that the granting or denying an application of this character was largely a matter within the sound discretion of the trial court, and that its ruling in that regard would not be disturbed unless there had been an abuse of discretion; but where the facts and circumstances are stated, which satisfactorily show, as the proof does in this case, that a fair and impartial trial cannot be had in the county on account of hostile feeling and prejudice among the people against the party making the application, then a change should be granted."

■ It has been said that there is nothing so essential in the administration of justice as the avoidance of seeming partiality. Every suitor is entitled to have his case tried before an impartial forum and every effort should be made whenever reasonable to avoid suspicion on his part that the opportunity for a fair trial is not being presented. Belden v. Field, 211 Wis. 485, 248 N. W. 417.

In State ex rel. Austin Mutual Ins. Co. v. District Court, 194 Minn. 595, 261 N. W. 701, which involved a loss by fire, suit was instituted against the insurance company in Brown County. The defendant moved for a change of venue to Blue Earth County and plaintiff claimed that she could not get an impartial trial in that county. In upholding the trial court's denial of the defendant's motion, this court said (194 Minn. 597, 261 N. W. 702):

"We are impressed with the views expressed by the trial judge in his return that plaintiff could not have a fair trial in Blue Earth county because of the notoriety plaintiff's husband has received and very properly earned in that county, he having been convicted of the crime of arson, of the crime of rape, and other charges, which, while less serious, nevertheless were such as to create local prejudice."

In a leading South Dakota case on the subject, Olson v. City of Sioux Falls, 63 S. D. 563, 566, 262 N. W. 85, 87, 103 A. L. R. 1022, 1024, the court said:

"* * * The plaintiff in an action as well as the defendant may move to change the place of trial upon the other grounds that an impartial trial cannot be had or that the convenience of witnesses and the ends of justice will be promoted by the change. This construction is in harmony with expressions of other courts construing similar statutes."

We find from the record presented to us, in support of plaintiff's petition for mandamus, ample grounds for believing that it will be impossible to obtain a fair and impartial trial of his case in Lake of the Woods County because of local prejudices, feelings, and opinions. While it is true that a large discretion rests with a trial court in determining whether a motion for a change of venue should be granted under § 542.11, nevertheless, the uncontroverted facts in each case must determine whether the court has abused that discretion. It is our considered opinion that the ends of justice in the instant case require that a change of venue be granted.

It is therefore ordered that a peremptory writ of mandamus issue as prayed for.