## SYLVESTER J. ROTERING v. ERWIN W. JONES.

152 N. W. (2d) 353.

July 17, 1967—No. 40,772.

*Moonan & Moonan,* for relator.
*Peterson & Challeen, Ltd.,* and *Duane M. Peterson,* for respondent.

NELSON, JUSTICE.

Alternative writ of mandamus to compel the District Court of Winona County to transfer the venue of the above action to the county of the residence of defendant-relator, Blue Earth County.

Briefly, the facts involved are these: An action by plaintiff, Sylvester J. Rotering, was commenced against defendant, Erwin W. Jones, on

September 15, 1965, in Winona County where the cause of action arose. An affidavit and demand for change of venue was filed by defendant pursuant to Minn. St. 542.10 and the action removed to Blue Earth County where defendant resides. A motion was immediately made to remand in that action. This was resisted by defendant, who made a motion to retain the action in Blue Earth County upon the grounds that the ends of justice and convenience of witnesses so required and that a fair trial could not be obtained in Winona County. The District Court of Blue Earth County decided that the venue should be retained in Blue Earth County. Shortly thereafter plaintiff dismissed the action. He commenced a second action against defendant on March 11, 1966. An affidavit and demand for change of venue was filed by defendant and this action also was removed to Blue Earth County. Plaintiff made a motion to remand the second action to Winona County and this motion was denied by the District Court of Blue Earth County.

Plaintiff then petitioned this court for a writ of mandamus to change the venue from Blue Earth County to Winona County. We issued an order on December 7, 1966, remanding the action to the District Court of Winona County for further proceedings. In this order we stated:

"WHEREAS, it appears by the provisions of Minn. St. 542.10, as amended, L. 1965, c. 686, the place of trial of an action may be changed to the county where the defendant resides upon demand and affidavit in the manner provided 'unless the county where the action was begun is a county in which the cause of action or some part thereof arose,' and

"WHEREAS, it appears from the record herein that the cause of action arose in Winona County, and no motion was made in that county by the defendant to have the place of trial changed, and

"WHEREAS, it appears that under the interpretation of § 542.10, as amended, L. 1965, c. 686, expressed in Fotopoulos v. Birkeland, [273 Minn. 284] 141 N. W. (2d) 27, the filing of an affidavit and demand for change of venue in the county where the cause of action or some part thereof arose does not automatically transfer venue to the demanded jurisdiction.

"Now, THEREFORE, IT IS ORDERED, that the action be remanded to the District Court of Winona County for further proceedings, after which

the defendant may make a motion in the District Court of that county for a change of venue or for such other appropriate relief as he may seek."

Pursuant to this order defendant made a motion in the District Court of Winona County for a change of venue to Blue Earth County. Following a hearing, the Honorable Arnold Hatfield, Judge of the District Court of Winona County, on January 31, 1967, ordered that the place of trial be changed from Winona County to Wabasha County, with the further provision that the action be continued until after the supreme court renders its opinion in State v. Jones (an appeal in a criminal prosecution arising in part out of the same events on which this action is based),[1] after which either party could reinstate the action on the active trial calendar by 10 days' notice in writing to the other party.

Judge Hatfield in his return and brief in this court points out that defendant does not claim that the trial court abused its discretion in changing venue to Wabasha County; that what he does claim is that he has an absolute right to a trial in Blue Earth County if the case is not to be tried in Winona County. Judge Hatfield suggests that such a rule would deprive the courts of any opportunity to promote the ends of justice or the convenience of witnesses by changing the venue, and that had the Winona court been faced with such an "either-or" proposition, the judge might well have decided that the ends of justice and the convenience of witnesses would be better served by retaining the case for trial in Winona County. He asserts that the rule argued for by defendant would require this court to amend § 542.11(4) to the effect that the only venue to which a case may be assigned is the county where the action arose or where the defendant resides.

Judge Hatfield further states that, based upon all the facts submitted to him, he determined that a fair trial could be had in Wabasha County and that the ends of justice and the convenience of witnesses would be better served by the selection of Wabasha County as the venue in which this case should be tried. No evidence or reason was put forth by the defendant at the hearing to indicate that a fair and impartial trial could not

---

[1] 277 Minn. 174, 152 N. W. (2d) 67.

be had in Wabasha County or that the selection of that county would be unduly inconvenient for defendant or his witnesses. The judge cites State v. Thompson, 266 Minn. 385, 389, 123 N. W. (2d) 378, 382, in support of his contention that ordinarily it is not permissible for a defendant, on a motion for a change of venue, to select the county to which the venue should be changed, the selection being a matter that rests largely in the discretion of the trial court.

It is obvious that if a defendant could insist, in making a motion for change of venue from the county in which a cause of action arose, that venue be transferred only to the county of his residence, the discretion of the trial court would be severely and undesirably curtailed. We do not construe § 542.10 as requiring this result. This court in Castle v. Village of Baudette, 267 Minn. 140, 125 N. W. (2d) 416, held that in determining whether the place of trial should be changed in the interest of justice the trial court ordinarily has wide discretion and its exercise of such discretion will not be disturbed unless this court is fairly convinced that a fair trial cannot be had at the place where the case is about to be tried. In Fotopoulos v. Birkeland, 273 Minn. 284, 141 N. W. (2d) 27, this court held that where an action is brought in the county where the cause of action or some part thereof arose, the filing of an affidavit and demand for change of venue does not automatically transfer venue to the demanded jurisdiction under § 542.10, as amended by L. 1965, c. 686, and the plaintiff can traverse the averments of the affidavit in the county in which he brought the action. The case does not suggest that on a motion for change of venue the court must transfer the action to the county of defendant's residence.

A careful review of the proceedings had with respect to change of venue in this case fails to disclose an abuse of discretion on the part of the District Court of Winona County in transferring the venue of the action to Wabasha County. The order must be sustained. It is therefore ordered that the alternative writ of mandamus issued herein be discharged.

Writ discharged.