WELLS-STONE MERCANTILE CO. *vs.* JOHN A. BOWMAN.

Argued Nov. 28, 1894.  Affirmed Dec. 12, 1894.

No. 8992.

**Practice on discovering a biased juror in the panel.**

> Where, upon the trial of an action, a party discovers the existence of a relationship between one of the jurors and the other party, such as to disqualify him from sitting as a juror, he should present proper proof thereof to the court, and ask for the discharge of the jury, and the impaneling of another jury; and if, instead of so doing, he moves to continue the case, he is guilty of such negligence as precludes him from availing himself of the disqualification of the juror as a ground for a new trial. He should make the objection at the earliest practicable moment, and not be allowed to speculate on the verdict, and afterwards move for a new trial if the result is unfavorable to him.

Appeal by defendant, John A. Bowman, from an order of the District Court of St. Louis County, *Chas. L. Lewis*, J., made April 6, 1894, denying his motion for a new trial.

The plaintiff, Wells-Stone Mercantile Company, a corporation, furnished C. N. Weller & Son in January, 1892, with groceries and feed for teams and other supplies at Bowman's siding on the Duluth and Winnipeg railroad in Itasca county, to the value of $1,814.61. The firm paid $1,004.27 thereon. The plaintiff brought this action against John A. Bowman to recover of him the balance of the account, claiming that in December, 1891, at La Prairie he agreed orally with plaintiff to pay it for such goods and supplies as it should furnish to C. N. Weller & Son, as that firm had a contract with him to get out pine logs and cedar poles and posts and deliver them to him at the Siding.  Defendant answered that the oral contract was that he would pay the account if Weller & Son did not, and that he soon after revoked that promise.  F. A. Clarkson was a stockholder and general manager of plaintiff.  Joel S. Dwyer was Clarkson's brother-

in-law. The trial of the issues was commenced on Thursday, February 8, 1894, and Dwyer was called and accepted as one of the jurors. The trial proceeded until the afternoon of Friday when defendant first heard of the relationship of Dwyer to Clarkson. He at once stated the facts to the court and moved for a continuance of the action. The court refused this request and he excepted. Plaintiff offered to stipulate that Dwyer be withdrawn and to proceed with the trial before the remaining eleven jurors, but defendant declined. Plaintiff had a verdict for $810.34 and interest. Defendant moved upon affidavits and the files and the minutes of the stenographic reporter for a new trial, but was refused and he appeals. The return to this court contains the pleadings and affidavits, but does not contain any case or bill of exceptions or the reporter's minutes.

*Bion A. Dodge* and *F. M. Catlin*, for appellant.

1878 G. S. ch. 116, § 19, provides that consanguinity and affinity within the ninth degree shall be ground for objection to a particular juror. And the reason of the provision excludes the juror when he is related to one who is a beneficial party though not a party to the record, as where a corporation is a party and the juror is related to a member or shareholder. If one of the parties die, the affinity still subsists if there be issue living; otherwise the tie is broken and the disqualification removed. *Carman* v. *Newell*, 1 Denio, 25; *Spear* v. *Robinson*, 29 Me. 531; *Waterhouse* v. *Martin*, 1 Peck, 392.

If the objections to a juror go to his qualification, they are not available after verdict; but if they go to his competency they are available after verdict on motion for a new trial; and the moving party has as good right to a new trial as he had to exclude the objectionable juror upon his challenge. Qualification refers to the juror's age, citizenship, property, or other statutory requirements not affecting his ability to fairly determine the facts. Competency refers to relationship, knowledge of the case, or other matters affecting the juror's actual or implied bias. *Rice* v. *State*, 16 Ind. 298; *Quinn* v. *Halbert*, 52 Vt. 353; *Mann* v. *Fairlee*, 44 Vt. 672; *Eastman* v. *Wight*, 4 Ohio St. 156; *State* v. *Groome*, 10 Ia. 308; *Hardy* v. *Sproule*, 32 Me. 322; *Lane* v. *Goodwin*, 47 Me. 593; *Georgia R. Co.* v. *Hart*, 60 Ga. 550; *Tenney* v. *Evans*, 13 N. H. 462.

The question is not new in this court. In the case of *Williams* v. *McGrade*, 18 Minn. 82, the principle was established that a cause of challenge which goes to the partiality of a juror may be taken advantage of after verdict.

*Draper, Davis & Hollister*, for respondent.

This court will not reverse the order refusing a new trial, as it has not before it the minutes of the stenographic reporter, which were before the court below upon the hearing of the motion, but are not in the return to this court. *Bowen* v. *Malbon*, 20 Wis. 491.

The matters complained of occurred on the trial and are not brought before this court by a settled case or bill of exceptions. As it appears that the relationship was learned before the verdict, the question can only be reviewed in this court on a case or bill of exceptions. *Bazille* v. *Ullman*, 2 Minn. 134; *Dartnell* v. *Davidson*, 16 Minn. 530; *Stone* v. *Johnson*, 30 Minn. 16; *Coolbaugh* v. *Roemer*, 32 Minn. 445; *King* v. *Kindred*, 38 Minn. 354; *Osborne & Co.* v. *Williams*, 39 Minn. 353.

Appellant's counsel contend that the objection as to competency can be made when objection to qualification cannot. We think in this they are in error. The proper time to have made the objection was at the empaneling of the jury; and, as it was not then made it was waived, unless defendant is able to show that with the exercise of due diligence he could not have made the objection at the proper time. This is indispensable, to prevent constant mistrials, and to protect the rights of the adverse party; otherwise, a party might lie by and take the chances of a verdict in his favor, and if given adversely, be entitled to a new trial as a matter of course.

A large number of very respectable authorities hold that a party shall not be heard to complain of incompetency of a juror, when he has neglected to inquire of a juror upon the matter which he claims disqualifies him. *George* v. *State*, 39 Miss. 570; *State* v. *Quarrel*, 2 Bay, 150; *State* v. *Fisher*, 2 Nott & M. 261; *Hollingsworth* v. *Duane*, 4 Dall. 353; *Jeffries* v. *Randall*, 14 Mass. 205.

BUCK, J. About noon of the second day of the trial of this action in District Court the defendant for the first time became

aware of the fact that a juryman named Dwyer was a brother-in-law of one F. A. Clarkson, who was the general manager and a stockholder of the plaintiff corporation. The defendant, upon making such discovery, forthwith called the attention of the court to such fact, and moved for a continuance of the action, which motion was denied by the court, and duly excepted to by the defendant.

There is no record or settled case showing the proceedings which took place upon this question before the trial court, except the affidavits on the part of the defendants, and we only make the brief statement here from an examination of the defendant's affidavits as the foundation for what we say hereafter, because, if we do assume such facts to be true, our doing so cannot in any way operate to the injury of the plaintiff. When the defendant discovered the relationship which existed between the juror Dwyer and Clarkson he should have asked for the discharge of the whole jury, and asked that another one be impaneled, instead of moving the court to continue the case. By omitting to do this he was guilty of negligence or laches which precludes him from availing himself of the disqualification of a juror as a ground for a new trial.

It is the duty of a party, when he discovers the disqualification of a juror during the trial, to make the objection in the appropriate way at the earliest practicable moment. He cannot be allowed to speculate on the verdict, and afterwards move for a new trial if the result is unfavorable to him. He should have presented to the court sufficient proof of the relationship existing between these parties, unless the same was admitted by the plaintiff. It does not appear by the settled case or by the affidavits that this was done, and the court was right in refusing to continue the case, for it would greatly impede the due administration of justice in our judicial proceedings if a party could, every time that the incompetency of a juror was discovered, procure the continuance of the action upon such grounds. As this disposes of the case, we need not discuss any other questions raised, for they are not material.

The order denying a motion for a new trial is affirmed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 135.)