# ELLA HALL v. MINNEAPOLIS STREET RAILWAY COMPANY AND ANOTHER.[1]

February 14, 1947.

No. 34,269.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.
*Kelly, Berglund & Johnson,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was an action to recover damages for personal injuries. The individual defendant did not answer nor appear at the trial. The cause was heard and determined as between plaintiff and the corporate defendant only. Hereinafter we shall refer to it as the defendant. The case comes here on its appeal from an order denying its alternative motion for judgment or a new trial.

[1]Reported in 26 N. W. (2d) 178.

The facts upon which the verdict is based, viewed in the light most favorable to plaintiff, may be thus summarized: Plaintiff and her friend, one Beatrice Fischer, were passengers on one of defendant's streetcars. The accident took place at the intersection of Cedar avenue and Thirty-first street in Minneapolis. Cedar avenue runs north and south, and Thirty-first street intersects it at right angles. The accident occurred on December 24, 1943, at about one o'clock in the afternoon. As the streetcar approached the intersection, plaintiff signaled for a stop. She and Miss Fischer proceeded to the rear of the car to alight therefrom. The streetcar, a so-called one-man car, was under the complete control of a motorman. Pursuant to plaintiff's signal, the car stopped and the rear exit doors were opened by means of a mechanical device under the control of the motorman. A boy stepped off first, Beatrice followed, and then came plaintiff. When on the last step of the car exit, the doors suddenly closed, and plaintiff's left shoulder and arm were caught and wedged in between them so as to hold her fast. She clutched the center post between the doors and, as she stood there, turned toward the motorman. In her excitement, she shouted to him, and he thereupon opened the doors, and plaintiff either stumbled or fell into the street, where she was struck by defendant William Farrell's automobile, which was headed in the same direction as the streetcar. The blow from the automobile hurled plaintiff into the air, and she landed between the automobile and the streetcar facing in the direction both were headed. In the meantime, Beatrice, who had reached a place of safety, testified that the streetcar traveled about 12 feet after plaintiff was caught between the doors before it stopped. There was evidence opposing her claim, but we think a fact issue was presented thereby. Immediately after the accident, plaintiff was taken to the office of Dr. Edward Nelson, who then and later treated her. He found that she had multiple bruises on her left shoulder, left hip, thigh, and knee, and a wound on her back on the same side. Plaintiff had been gainfully employed up to the time of her injury and was paid at the rate of approximately $17 per week. Ever since the accident she has suffered pain and has been unable to do any gainful work. In addition

to testifying that he observed bruises on her left hip, shoulder, thigh, and knee, Dr. Nelson noted that she was very nervous every time he treated her. Her back especially was tender to touch, and she cried in pain whenever he applied pressure to it. He was of the opinion that plaintiff had suffered a sacroiliac sprain and that this was a permanent condition. The trial was had two years after the accident. The jury awarded plaintiff $5,000. That verdict is challenged here on three grounds: (1) That it is not justified by the evidence and is contrary to law; (2) that the trial court erred with respect to its charge on the subject of concurrent negligence; and (3) that the verdict is so excessive as to show that it was arrived at because of passion and prejudice. We shall consider these in the order mentioned.

■ Initially, we think the recited facts clearly justify the jury's conclusion that there was negligence on the part of defendant's motorman. When the three passengers referred to sought to leave the streetcar, it was incumbent upon the motorman so to operate the exit doors as not to interfere with passengers seeking to alight. We think that defendant's duty as a public carrier did not cease until plaintiff had been afforded a reasonable opportunity to depart from the car. For that reason, we are of the view that Ruddy v. Ingebret, 164 Minn. 40, 41, 204 N. W. 630, 44 A. L. R. 159, is of no aid to defendant. It will be noted that what we there said and held was:

*"Under ordinary conditions and in the absence of defective equipment and manipulation of its own instrumentalities* an adult passenger on a street car ceases to be such when at the end of his trip he steps from the car onto the street." (Italics supplied.)

That there was negligent manipulation of defendant's instrumentalities in respect to the operation of the exit doors seems clear. At any rate, a jury issue was presented, and the record abundantly sustains the verdict on this phase. The other cases upon which defendant relies—Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916, and Kieger v. St. Paul City Ry. Co. 216 Minn. 38, 11 N. W. (2d) 757—are similar in import and substance to the Ruddy case, and no further discussion of them need be made. An instructive and helpful

case upon this phase is Fitzgerald v. Des Moines City Ry. Co. 201 Iowa 1302, 207 N. W. 602.

■ The instruction in respect to concurrent negligence was challenged by defendant in several particulars. Its position was that the relation of carrier and passenger did not exist at the time of plaintiff's hurt, since she had then stepped to the street, and consequently defendant's duty as a carrier "was entirely terminated"; that there was no causal connection between the "alleged former negligence of the defendant in the operation of the doors of the car" and plaintiff's subsequent harmful impact with Farrell's automobile; and, lastly, that there was no proof of concurrent negligence or of any negligence at all on the part of its motorman. It maintained then, as it does now, that the closing of the exit doors "cannot be considered a proximate cause for the reason that a wholly independent agency intervened, namely, the automobile driver having driven his automobile against the plaintiff, and that any alleged negligence of the defendant was wholly insulated" by the latter's negligent conduct; that as a matter of law his negligence was the sole proximate cause of plaintiff's hurt.

As we have already noted, the jury could well find that initially plaintiff's difficulty arose while she was still a passenger; that the premature closing of the doors held her as in a vise and prevented her from alighting in the usual way; and that thereby she was caused to stumble and fall into the path of a reckless automobile driver. It was with reference to this situation that the court's instruction was given on the subject matter of concurrent negligence. The instruction reads:

"* * * Where an injury is caused by the concurrent negligence of several persons, the negligence of each is the proximate cause of the injury, and each is liable for all resulting damages if the injury would not have occurred outside of his negligence."

Defendant has cited no case sustaining its position that upon the facts here shown the instruction was improper or erroneous. True, Farrell is the one who caused most of plaintiff's injuries. As such,

he could well be held to responsibility. Obviously, he violated the statutory rule requiring him to stop his car at least ten feet behind the streetcar when it stopped to discharge passengers and to remain in that position until all passengers alighting had reached a place of safety, there being no safety zone involved. Minn. St. 1945, § 169.24.[2] As to Farrell, the court told the jury that "plaintiff has the right to recover against him for the full amount of her injuries and damage." In Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 540, 16 N. W. (2d) 758, 763, we held:

"That there may be more than one proximate cause of an injury is accepted doctrine. Where two proximate causes exist and the party injured is free from fault, those responsible for the causes may be called upon jointly or severally to answer in damages, each being liable for the whole damage, without exoneration or mitigation on account of the negligence of the other. And though such injuries would not have resulted but for the concurrence of the negligent acts of both tortfeasors, the injured person may nevertheless sue the actors jointly or severally and recover against one or all. In such case, each tortfeasor is liable for all the resultant damage, although his negligence alone might not have caused the damage, or any part of it." (Citing cases.)

And in Johnson v. Evanski, 221 Minn. 323, 328, 22 N. W. (2d) 213, 216, where a similar issue was presented, we said:

"* * * Causation, like negligence, is a fact issue for the determination of the jury when the facts are in dispute and are susceptible of more than one inference, as here."

On the question of plaintiff's contributory negligence, the court so fully and fairly instructed the jury that no fault has been found.

■ In respect to the amount of the verdict, we are not persuaded that it is subject to defendant's challenge. It was sustained by the trial judge. His opinion is obviously of importance, since he saw all the witnesses and heard their testimony. Plaintiff is a young woman.

---

[2]See, M. S. A. § 169.24, and cf. Mason St. 1940 Supp. § 2720-209.

That she has suffered greatly from the effects of the injuries inflicted is apparent, and that these are severe and lasting is also fairly apparent. The jury could and did so find. The injury to plaintiff's back indicated to the doctor examining her and testifying for her that there was a sacroiliac sprain and that it was permanent in its effect. Ever since her injuries she has suffered pain and discomfort. Her capacity to render service has been much reduced; so much so, in fact, that instead of being gainfully occupied she now is confined to performing a few trifling things in and about her own home, and even as to these she is compelled to seek help. We think the verdict cannot and should not be overturned. Consequently, the order appealed from is affirmed.

Affirmed.