# HARRY DAMROW v. LEROY ZAUNER AND ANOTHER.[1]

May 2, 1952.

No. 35,653.

*Fowler, Youngquist, Furber, Taney & Johnson* and *E. A. Danforth,* for appellants.

*Clifford W. Gardner* and *Phillip J. Klein,* for respondent.

CHRISTIANSON, JUSTICE.

This is an appeal from an order vacating a verdict for defendants in a personal injury action and granting plaintiff a new trial

[1]Reported in 53 N. W. (2d) 139.

exclusively for errors of law occurring at the trial. The primary issue on appeal is whether it was error for the trial court to submit the question of plaintiff's contributory negligence to the jury.

In the early afternoon of December 8, 1948, plaintiff was injured when struck by an automobile driven by defendant Margaret Zauner and owned by defendant LeRoy Zauner, her husband. The accident took place near the northwest corner of the intersection of Payne avenue and Ivy street in the city of St. Paul. Viewing the evidence in the light most favorable to the verdict, as we must,[2] the following facts appear:

Payne avenue, which is 40 feet wide from curb to curb and runs in a general north-south direction, is intersected at right angles by Ivy street, which runs east and west. Approaching the inter-section from the north along Payne avenue are a double set of streetcar tracks which turn west at the corner of Ivy street. There is a downward grade of 1.2 percent from the north into the intersection. As the tracks near the intersection and begin the turn, the distance between the westernmost rail and the westerly curb of Payne avenue narrows sharply.

The day in question was clear and the temperature below freezing. Patches of ice were scattered along Payne avenue, and from four to six inches of ice which bordered the streetcar tracks formed ruts of that depth in which the tracks were imbedded. Plaintiff, a newspaper truck driver, was making his regular delivery of newspapers to a drugstore located on the northwest corner of Payne and Ivy. Approaching from the north on Payne avenue, he parked diagonally at the western curb of Payne avenue, so that his front wheels were in the crosswalk and his left rear tire rested on the second streetcar rail out from the curb. Plaintiff's truck was 20 feet long and 7 feet 3 inches wide. One of the defendants' witnesses estimated that, parked in this position, the left rear wheel of the truck was about 16 feet out from the west curb.

---

[2]Schrader v. Kriesel, 232 Minn. 238, 242, 45 N. W. (2d) 395, 397.

After parking, plaintiff alighted from his truck on the driver's side and proceeded on the street side to the rear of the truck, where he prepared to remove the bundle of papers scheduled for delivery to the drugstore. As he walked from the cab of the truck to the tail gate, he noticed several cars approaching from the north on Payne avenue at a distance of about 250 feet. In order to select and remove the correct bundle of papers, plaintiff directed his attention to the truck, turning his back to the oncoming traffic. While standing in this position, he was struck by the car driven by defendant Margaret Zauner and pinned against his truck.

Immediately prior to the accident, Mrs. Zauner, a woman of 20 years' driving experience, was on her way from her home at White Bear Lake, Minnesota, to a laundry located four or five blocks south of Ivy street on Payne avenue. She was traveling south along the right side of Payne avenue and was about 200 feet north of its intersection with Ivy when she first noticed the parked newspaper truck and plaintiff standing behind it. About 125 feet from the intersection, she reduced her speed from 25 to 15 miles per hour and started to turn out to go around the truck. When about 50 feet from the truck, the four wheels of her car slid into the icy ruts around the streetcar tracks. Realizing then that her car was out of control, she applied the brakes, cramped her wheels to the left, and sounded her horn. However, she was unable to stop or get out of the ruts and collided with plaintiff. After the collision, the front wheels of defendants' car were in the streetcar ruts and cramped to the left.

The trial court submitted the questions of negligence and contributory negligence to the jury, which returned a verdict for defendants. The court thereafter granted plaintiff's motion for a new trial, from which order this appeal is taken. In a memorandum attached to its order, the court stated that the new trial was granted exclusively on the ground that the court had erred as a matter of law in submitting the issue of plaintiff's contributory negligence to the jury.

450

■ Generally, the question of contributory negligence is one of fact for the jury. It is only where the proof is such that reasonable minds could not draw different conclusions regarding its presence or absence that it is one of law for the court.[3] Without repeating all the facts, the following seem especially pertinent:

Plaintiff's truck was parked at an angle to the curb, so that its left rear tire rested upon the second streetcar rail out from the curb, making it necessary for any southbound traffic to cross over the two most westerly rails in order to pass. Payne avenue was icy in spots, and the streetcar rails were imbedded in icy ruts of from four to six inches deep. Knowing that traffic was approaching, plaintiff nevertheless stood in the street at the rear of his truck with his back to oncoming vehicles. There is testimony that Mrs. Zauner sounded her horn, but plaintiff made no attempt to move from where he was standing. Upon this state of the facts, we think that the questions whether plaintiff used ordinary care under the circumstances and whether his conduct proximately contributed to the accident were properly submitted to the jury. We cannot agree that as a matter of law plaintiff was free from contributory negligence.

■ In addition to the ground relied upon by the trial court for granting a new trial, plaintiff contends that the trial court committed prejudicial error in other respects. Since these errors were assigned in plaintiff's motion for a new trial, they are properly before us for review. M. S. A. 605.09(4). However, in view of what we have already said in the preceding section of this opinion, there remain only two points which require further consideration.

Plaintiff urges that it was error for the court in its instructions to the jury to read the St. Paul city ordinance requiring vehicles to be parked parallel to and within one foot of the curb. He contends that, even assuming the ordinance to have been violated, there was no evidence to show a causal connection between the violation of

[3] See, Sanders v. Gilbertson, 224 Minn. 546, 29 N. W. (2d) 357; 4 Dunnell, Dig. & Supp. § 7033, and cases cited.

the ordinance and the collision. However, the evidence discloses that by parking the truck in violation of the ordinance plaintiff obstructed the passage of all southbound traffic on Payne avenue, thereby making it necessary for any car traveling on the right side of the street to cross both of the ice-imbedded streetcar rails in order to pass. It was in crossing over these rails that defendants' car was caught in the ruts. Under the circumstances, we think the proximate relationship between plaintiff's violation of the ordinance and the collision was a jury question, and it was proper to instruct the jury with respect to the ordinance.

■ Lastly, plaintiff contends that the trial court erred in limiting the scope of his cross-examination of defendant Margaret Zauner as to her appreciation of the risk of harm which might result if the wheels of her car became wedged in the icy streetcar ruts on Payne avenue. The manner and scope of inquiry on cross-examination is a matter resting largely within the sound discretion of the trial court,[4] and unless a clear abuse of discretion is shown its ruling will not be reversed on appeal. No abuse of discretion is shown in the instant case.

The order appealed from is reversed with directions to reinstate the verdict for defendants.

So ordered.

[4]Flemming v. Thorson, 231 Minn. 343, 43 N. W. (2d) 225; Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909.