# L. C. McCULLER v. ARTHUR B. WORKSON, ALSO KNOWN AS ARTHUR B. WOKSON.

78 N. W. (2d) 340.

July 13, 1956—No. 36,865.

*Haugland & Abdo,* for appellant.
*Iverson, Whaley & Coulter,* for respondent.

MATSON, JUSTICE.

Appeal is from that part of the judgment which granted defendant's motion for summary judgment against plaintiff on the complaint.

Plaintiff commenced this action for damages arising out of the collision of his automobile with defendant's truck. In his complaint plaintiff alleged:

"I.

"That on August 31, 1951, the defendant negligently and in violation of law parked his motor vehicle on Washington Avenue South, near its intersection with 13th Avenue, Minneapolis, Minnesota, without leaving the rear lamp properly lighted.

"II.

"That as a result, plaintiff's automobile was caused to collide with defendant's automobile, * * *."

Defendant, in addition to his answer, counterclaimed against plaintiff for damages to his truck.

Subsequently, defendant requested of plaintiff certain admissions among which was a request to admit that on September 21, 1951, plaintiff made the following statement and signed it after reading it and acknowledging that it was true and correct:

"On the night of August 31, 1951, at 13th and Washington Avenue South, I had an accident with a truck parked at the curb. I had been driving my car toward the Loop on Washington Avenue. Two cars were approaching me going the opposite direction. The back car started to pass the first one. *It got caught in the street car tracks and looked as though it was headed right for me. I swerved to my right and hit the truck.* I have no claim whatsoever to make against the owner of the truck. There was no fault on his part for the accident." (Italics supplied.)

· In response to defendant's requests for admissions, plaintiff admitted that the statement was true *except for the last two sentences* which he stated were untrue and incorrect and had not been read to him by the investigator for defendant's insurer. In all other respects, plaintiff denied defendant's requests for admissions.

Subsequently, the defendant moved for summary judgment on all issues basing his motion on the record and on plaintiff's admissions on file. Upon this motion, on December 17, 1953, the trial court ordered summary judgment for the defendant upon plaintiff's complaint and further awarded defendant judgment upon his counterclaim on the issue of liability but left the issue of damages to be litigated. Thereafter plaintiff moved for the vacation of the order for summary judgment and for permission to amend his complaint. In passing upon plaintiff's motion, the trial court in effect affirmed its prior order for summary judgment for defendant on plaintiff's complaint but reversed itself by denying the defendant summary judgment in all respects on his counterclaim. Pursuant to this order, the summary judgment from which this appeal is taken was entered.

■ We need consider only whether this was a proper case for the entry of summary judgment.[1] In Sauter v. Sauter, 244 Minn. 482, 484, 70 N. W. (2d) 351, 353, we held:

"A motion for a summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of the evidence which is most favorable to him. The salutary purpose

---

[1]Plaintiff contends that the trial court erred in denying his motion to amend the complaint. Under our view of the case, an amendment is unnecessary. As to the propriety of permitting the losing party to amend his pleadings after the granting of a summary judgment, see Carroll v. Pittsburgh Steel Co. (W. D. Pa.) 103 F. Supp. 788; 6 Moore, Federal Practice (2 ed.) par. 56.10, p. 2057.

and useful function of summary judgment proceedings as a means of securing the just, speedy, and inexpensive determination of the action (Rule 1) is well recognized, but resort to summary judgment was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try."

■ Upon a motion for summary judgment the court carefully scrutinizes the pleadings, depositions, admissions, and affidavits, if any, on file, not to decide any issue of fact which may be presented but solely to discover if any genuine issue exists. In this process all doubts and factual inferences must be resolved against the movant and in favor of the party opposing the motion.[2]

■ In the instant case it is significant to note that the trial court, in a memorandum attached to and made a part of its order pursuant to which the judgment from which this appeal is taken was entered, stated that it felt that the parking of defendant's truck was simply incidental to the accident and was not a proximate or direct cause thereof and that therefore defendant could not be liable for any alleged negligence. Whether a particular act of negligence is the proximate cause of the alleged harm is a fact issue for the determination of the jury *when the facts are in dispute and are reasonably susceptible of more than one inference.*[3] Since proximate cause is usually a question of fact for the jury, it can seldom be disposed of on a motion for summary judgment.[4] This principle is of long standing. In the much earlier case of Morey v. Shenango Furnace Co. 112 Minn. 528, 127 N. W. 1134, in which defendant

[2]Sauter v. Sauter, *supra;* Walling v. Fairmont Creamery Co. (8 Cir.) 139 F. (2d) 318; Dulansky v. Iowa-Illinois Gas & Elec. Co. (8 Cir.) 191 F. (2d) 881; Weisser v. Mursam Shoe Corp. (2 Cir.) 127 F. (2d) 344, 145 A. L. R. 467; 6 Moore, Federal Practice (2 ed.) par. 56.15[3].

[3]Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822; Hall v. Minneapolis St. Ry. Co. 223 Minn. 243, 26 N. W. (2d) 178; Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213; 13 Dunnell, Dig. (3 ed.) § 7011.

[4]Abresch v. Northwestern Bell Tel. Co. 246 Minn. 408, 75 N. W. (2d) 206.

48

urged in support of his demurrer[5] that the complaint showed that his alleged negligence was not the proximate cause of plaintiff's injury, this court pointed out that proximate cause can best be determined when the actual facts which occurred have been developed upon trial.

Upon plaintiff's complaint and admissions we cannot say that he would not be able to show that the defendant by his conduct proximately caused plaintiff's injuries. In its memorandum the trial court stated that plaintiff's only charge of negligence against defendant, made in his argument in opposition to defendant's motion for summary judgment, was that defendant's car was parked a "short distance" from the curb and that it was parked without a taillight. We cannot determine from the record what was meant by a "short distance." Plaintiff claims that this distance was in excess of 12 inches which is contrary to M. S. A. 169.35 and Minneapolis City Charter and Ordinances (Perm. ed.) 9:1-1101.1 of the city of Minneapolis traffic ordinances, which require vehicles to be parked within 12 inches of the curb. Since all inferences must be drawn in favor of the plaintiff—the party in opposition to the motion for summary judgment—we must assume that defendant was parked in excess of 12 inches from the curb. If plaintiff can support this assumption with proof, it may be entirely proper for the jury to find that parking the truck an excessive distance from the curb was the proximate cause of the accident.[6]

In addition to the charge that the truck was parked too far from the curb, plaintiff in his complaint specifically charged defendant with parking without leaving the rear of the vehicle properly lighted.

[5]For a discussion of the "functional similarity" between a demurrer and a motion for summary judgment, see House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874.

[6]See, Damrow v. Zauner, 236 Minn. 447, 53 N. W. (2d) 139 (held: Violation of St. Paul city ordinance requiring parking within one foot of curb as proximate cause of collision was jury question); Bartley v. Fritz, 205 Minn. 192, 285 N. W. 484 (jury could infer that violation of Mason St. 1938 Supp. § 2720-220 [§ 169.35, subd. 1] caused injury to plaintiff who was a passenger in an auto which struck defendant's parked truck).

This charge was apparently based on § 169.53, which requires lights to be displayed on parked vehicles in certain instances. Although it is doubtful that the condition at the locus of the accident was such as to require the display of lights as provided by § 169.53, it seems clear that neither this court nor the trial court may take judicial notice of those conditions and thereby declare without an admission or other showing that § 169.53 is inapplicable. Assuming, therefore, as we must, that defendant violated § 169.53, and was as a result guilty of negligence, a jury could reasonably find that such negligence proximately caused the accident in question.

In view of the foregoing principles, the judgment of the trial court is reversed.

Reversed.