Richard A. HASTINGS, Respondent,

v.

UNITED PACIFIC INSURANCE COMPANY, Defendant and Third Party Plaintiff, Appellant,

v.

LAKESIDE PAVILLION and Water's Edge, Inc., Respondents.

No. C6–86–1067.

Court of Appeals of Minnesota.

Nov. 25, 1986.

Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for appellant.

Gregory A. Zinn, Foster, Waldeck & Lind, Ltd., Minneapolis, for Lakeside.

Dean A. Hoistad, Gunhus, Grinnel, Klinger, Swenson & Guy, Moorhead, for Water's Edge.

Heard, considered and decided by WOZNIAK, P.J., NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of a summary judgment entered against United Pacific Insurance Company (United Pacific) and in favor of respondents Lakeside Pavillion and Water's Edge, vendors of intoxicating beverages. The trial court concluded that United Pacific failed to present evidence showing facts that the driver of an automobile involved in a two-car accident failed to exercise due care or that the driver's intoxication was the proximate cause of the collision. We affirm.

## FACTS

Richard Hastings and three friends were riding in a car owned and operated by Daniel Evenson. Evenson drove the car to a lake cabin where they drank some beer and some vodka and then drove to the Water's Edge where they ordered food and drank some beer. The group later drove to Lakeside Pavillion where they consumed more beer.

Evenson acknowledges drinking between seven and nine beers during the evening of October 19 and early morning of October 20. The group left Lakeside Pavilion at approximately 1:00 a.m. At a point south of Starbuck, and while driving in their own lane, they were struck head-on by an approaching car. A blood alcohol test conducted three hours after the accident showed Evenson's blood alcohol content at .128 percent. Tests also revealed that the driver of the other car had consumed alcohol prior to the accident.

United Pacific paid Hastings' claim for injuries caused by the accident, and brought this subrogation suit against respondents Lakeside Pavillion and Water's Edge. United Pacific alleged that the dram shops had illegally sold intoxicating liquor to Evenson and that Evenson's intoxication caused the accident. The dram shops' motion for summary judgment against United Pacific was granted and the third party complaint was dismissed with prejudice.

The court held that (1) United Pacific's complaint alleging a cause of action based on Minn.Stat. § 340.95 was barred because the statute in force at the time of the accident precluded the action, but the negligence claim was not barred by the statute of limitations because the amendment alleging negligence related back to the initial complaint; (2) the expert testimony of a forensic toxicologist and "independent evidence" in the form of deposition testimony were sufficient to raise a factual issue prohibiting summary judgment on the issue of "obvious intoxication;" and (3) summary judgment was appropriate under Minn.R. Civ.P. 56 because United Pacific had not established a causal connection between Evenson's alleged intoxication and the accident.

United Pacific appeals the grant of summary judgment for lack of evidence proving a causal connection between the sale of beer, the alleged intoxication, and the accident. Lakeside Pavillion and Water's Edge, Inc. challenge the ruling that United Pacific's negligence claim is not barred by the statute of limitations because it relates back to the original claim under the dram shop act. They also contend that the court erred by ruling there was sufficient foundation for the expert's testimony precluding summary judgment on the issue of "obvious intoxication."

Since we conclude the trial court was correct in granting summary judgment for lack of material facts showing causation, we need not address the trial court's first two rulings.

## ISSUE

Did the trial court err by concluding that summary judgment should be granted because there was no evidence to prove that the accident was caused by Evenson's intoxication or his failure to exercise due care?

## ANALYSIS

Under Minn.R.Civ.P. 56.03, summary judgment may be rendered:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Evidence must be viewed in the light most favorable to the nonmoving party. Summary judgment may be granted only if:

the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that [the movant] is entitled to judgment as a matter of law.

*Sauter v. Sauter,* 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955) (footnote omitted; emphasis in original).

### *Evidence of Negligence and Proximate Cause*

The trial court concluded there was no evidence that intoxication was the proximate cause of the accident or that Evenson failed to exercise due care to avoid colliding with the oncoming car. The record supports that conclusion. The state patrol's accident report states that the collision took place wholly in Evenson's lane of travel and no one disputes it. Deposition testimony by the occupants of the Evenson car fails to show negligent operation of the Evenson vehicle. Although a toxicologist testified by deposition that Evenson's blood alcohol concentration at the time of the accident probably would have been approximately .15 to .16 percent, which would have affected Evenson's reaction time and ability to safely operate a car, there was no evidence showing that Evenson's intoxication caused the accident or that he failed to exercise due care to avoid the collision. Counsel admits at oral argument that no further evidence would be presented at trial that was not before the trial court at the summary judgment hearing.

 Questions of proximate cause normally should not be determined on a motion for summary judgment. *See Abresch v. Northwestern Bell Telephone Co.,* 246 Minn. 408, 412, 75 N.W.2d 206, 209 (1956); *McCuller v. Workson,* 248 Minn. 44, 47, 78 N.W.2d 340, 342 (1956). However, since United Pacific has not presented "material" facts showing actual negligence, *see Rathburn v. W.T. Grant Co.,* 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974) ("a material fact is one of such a nature as will affect the result or outcome of the case depending upon its resolution"), or "that the intoxication contributed to cause the injury," the trial court was correct in granting summary judgment. *See* Minn.R. Civ.P. 56.05; *Hollerich v. City of Good Thunder,* 340 N.W.2d 665, 668 (Minn.1983).

### DECISION

The trial court was correct in granting summary judgment because there were no material facts showing that the accident was caused by Evenson's intoxication or by his failure to exercise reasonable care.

Affirmed.