**Paul VanHERCKE, Appellant,**

v.

**Daniel EASTVOLD, et al., Respondents.**

No. C4–86–1360.

Court of Appeals of Minnesota.

May 19, 1987.

Michael O. Burns, Burns, Wielinski & Elleraas, St. Cloud, for VanHercke.

Steven R. Schwegman, St. Cloud, for Eastvold.

Kevin A. Spellacy, St. Cloud, for Morrison County.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY,* JJ.

## OPINION

HUSPENI, Judge.

Paul VanHercke appeals from an order denying a motion for a new trial in a civil action for damages for personal injuries resulting from an automobile accident. Appellant argues that the trial court abused its discretion in denying a change of venue; that the court abused its discretion in allowing a previously undisclosed witness to testify; that evidence of intoxication was improperly admitted; and that the jury instructions were prejudicially erroneous. We affirm.

## FACTS

Appellant was 17 years of age when he was injured in a two-car accident while driving east on Highway 27 near Little Falls in Morrison County. He acknowledges having consumed alcoholic beverages before driving and having a 12–pack of beer in the car. A car driven by Bill Hercock was traveling east behind appellant's car. Hercock testified that appellant was driving very slowly, as if looking for something. A Morrison County Sheriff's Department squad car driven by Deputy Daniel Eastvold was also traveling east on Highway 27. The squad car was responding to an emergency call and had its red lights on. Whether the siren was on is disputed.

When the squad car, traveling about 70 miles per hour, approached the cars driven by appellant and Hercock, the deputy steered into the left lane. Seconds before the squad car overtook his vehicle, appel-

---

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. 6, § 2.

lant signaled to turn left. He started to make the turn and collided with the squad car.

Appellant commenced this action, claiming that Eastvold's negligence in operating the squad car at a high rate of speed without having the siren on caused the accident. He also named Morrison County as a defendant. The complaint was filed in Morrison County, the residence of all parties and the site of the accident. The trial court denied appellant's motion for a change of venue. The matter proceeded to trial, and the jury returned a verdict finding that appellant's negligence was the sole cause of the accident.

## ISSUES

1. Did the trial court abuse its discretion in denying a change of venue because jurors would be biased due to the fact that Morrison County was a defendant and a decision in favor of appellant could have a pecuniary impact on the jurors?

2. Did the trial court abuse its discretion in allowing testimony from a witness who was not disclosed to appellant until the second day of the trial?

3. Did the trial court err in allowing admission of evidence relating to intoxication?

4. Were the jury instructions relating to intoxication and the age of appellant prejudicially erroneous?

## ANALYSIS

### I.

Because Morrison County was named as a defendant in the action, appellant states that a decision in his favor would have had a pecuniary impact on the jurors who were residents of that county. He argues that "there has to be a bias if the jurors' own pocketbook is at stake" and, therefore, it was not possible for him to receive an impartial trial in Morrison County. He contends the trial court abused its discretion in denying a change of venue.

Minn.Stat. § 542.09 (1986) requires that all actions be tried in a county in which one or more of the defendants reside or in which the cause of action arose. Both standards would require venue in Morrison County. Section 542.11(3) (1986) provides that the trial court may order a change of venue where an impartial trial cannot be held in the county where the action is pending. A party seeking a change of venue has the burden of establishing that such a change is required. *Yellow Manufacturing Acceptance Corp. v. Zimmerman*, 265 Minn. 303, 305, 121 N.W.2d 586, 587–88 (1963).

Merely showing that the county is a party to the action is insufficient to warrant a change of venue. Minn.Stat. § 373.07 (1986) states that "In actions in which the county is a party, its inhabitants, if otherwise qualified, may be jurors." In order to support his motion for a change of venue, appellant was required to show that the jurors were not qualified. In addressing juror qualifications, the court is to determine whether they could "lay aside their impressions and opinions and render a fair and impartial decision." *A. Gay Jenson Farms Co. v. Cargill, Inc.*, 309 N.W.2d 285, 295 (Minn.1981). The determination is committed to the discretion of the trial court and can be disturbed only upon a clear showing of abuse. *Vanden Broucke v. Lyon County*, 301 Minn. 399, 404, 222 N.W.2d 792, 795 (1974).

■ The trial court allowed extensive voir dire in order to explore the potential bias of each prospective juror. Although appellant did not provide a transcript of the voir dire, in denying the motion for a new trial, the court stated:

> I intended and did permit extensive voir dire questioning by [appellant's counsel] with respect to the ability of each individual juror to be fair and impartial despite any association any potential juror might have with law enforcement or other representatives of Morrison County. One juror was excused for cause because he could not satisfy us that he could put aside in his own mind the possibility that his verdict might be influenced by ties or associations to county representatives.

All the jurors empaneled passed the *A. Gay Jenson Farms* test.

Appellant does not argue that the jurors failed to pass the *A. Gay Jenson Farms* test. Rather, he asserts the opinion that the jurors must have been biased because the county was a party to the action. Trial courts should not order a change of venue "upon the mere opinions of persons that a fair and impartial trial cannot be had in the county * * *." *Castle v. Village of Baudette*, 267 Minn. 140, 143, 125 N.W.2d 416, 418 (1963) (quoting *Cyra v. Stewart*, 79 Wis. 72, 75, 48 N.W. 50, 51 (1891)). Here, the trial court took adequate steps to determine whether the jurors were qualified before concluding that it was possible for appellant to receive an impartial trial in Morrison County. Appellant has failed to show that the trial court abused its discretion in reaching this conclusion.

## II.

■ In the memorandum accompanying the order denying the motion for a new trial, the trial court addressed the impact on jury impartiality resulting from the fact that one witness was not disclosed to appellant until the second day of the trial. The witness, George Wetzel, Jr., is the son of a Morrison County judge.[1] Appellant's counsel moved to exclude this witness and the trial court denied the motion. In the memorandum accompanying its order denying a new trial, the court observed that "there was more than enough evidence even without [Wetzel's] testimony from which the jury could fairly have concluded that the siren was in fact on at the time of the accident." While we concur in the trial court's assessment of the record, we note that appellant failed to take appropriate steps to address the possibility of juror bias during the trial. When the trial court denied appellant's motion to exclude Wetzel's testimony, appellant failed to request a reopening of voir dire or a mistrial. When disqualification of jurors is suspected,

[i]t is the duty of a party * * * to make objection in the appropriate way at the earliest practicable moment. He cannot be allowed to speculate on the verdict, and afterwards move for a new trial if the result is unfavorable to him. He should have presented to the court sufficient proof of the relationship existing between [the] parties, unless the same was admitted by the plaintiff.

*Wells-Stone Mercantile Co. v. Bowman*, 59 Minn. 364, 367, 61 N.W. 135 (1894). Appellant did not attempt to explore the possibility of juror bias during the trial. Consequently, he is precluded from relying on the possible disqualification of one or more jurors as the ground for a new trial. *Id.*

Appellant also argues that the trial court abused its discretion in allowing Wetzel to testify because respondents had failed to fulfill a continuing duty to disclose witnesses in response to an interrogatory requesting that information. On the evening of the first day of the trial, respondents' counsel was informed that Wetzel had seen the squad car prior to the accident and had heard the siren. The information clearly related to a major issue in the case since appellant contended the squad car did not have its siren on. Appellant's counsel was informed the following morning that Wetzel would be called as a witness, and appellant's counsel deposed Wetzel before he testified.

We note that the failure to disclose was not intentional or aimed at surprising appellant. *See Newmaster v. Mahmood*, 361 N.W.2d 130, 134 (Minn.Ct.App.1985). Respondent's counsel was informed that Wetzel had information regarding the siren issue only after the first day of the trial. He took steps to inform appellant as soon as possible.

■ There is, of course, a continuing duty to disclose the names of witnesses. *Gebhard v. Niedzwiecki*, 265 Minn. 471, 477, 122 N.W.2d 110, 114 (1963). However,

---

**1.** The fact that the witness's father made a pretrial ruling in this action is not relevant. The judge ordered that appellant's juvenile records could not be released. The existence of this ruling by Judge Wetzel was not made known to the jury, nor was there any reference at trial to the fact that the witness's father was a judge in Morrison County.

it is within the trial court's discretion to determine whether a witness whose identity was not disclosed should be allowed to testify. *Phelps v. Blomberg Roseville Clinic,* 253 N.W.2d 390, 394 (Minn.1977). A party complaining of such a discretionary ruling by the trial court must demonstrate that the ruling resulted in harm or prejudice. *Id.*

The trial court determined that by providing an opportunity for appellant to depose Wetzel, any prejudice that may have resulted from the earlier failure to disclose would have been effectively remedied. We agree. Through the deposition, appellant was aware of Wetzel's testimony. Also, there is no indication that further preparation was needed in order to adequately prepare for cross-examination or to rebut the testimony. Therefore, the trial court did not abuse its discretion in allowing the witness to testify.

### III.

Appellant contends that the trial court should not have allowed into evidence photographs showing beer cans near appellant's car because the probative value of the evidence was substantially outweighed by its prejudicial nature. Photographs are admissible where they accurately portray anything which a witness could describe in words or where they are helpful as an aid to a verbal description of objects and conditions, provided they are relevant to a material issue. *Moeller v. Hauser,* 237 Minn. 368, 384, 54 N.W.2d 639, 648 (1952) (quoting *State v. DeZeler,* 230 Minn. 39, 46–47, 41 N.W.2d 313, 319 (1950)).

The photographs helped describe the position and condition of the vehicles following the accident, a material issue in this case. Also, as appellant's counsel acknowledged in his opening statement, appellant had consumed beer earlier in the evening and had beer in the car. Any prejudice arising from photographs of beer cans would have been slight in view of this prior description. We conclude that the probative value of the photographs outweighed their possible prejudicial effect.

Appellant also argues that results of blood sample tests should not have been admitted. The blood samples were taken from appellant about 40 minutes after the accident and showed a blood alcohol content of 0.09. Expert testimony was also introduced to indicate that at the time of the accident appellant's blood alcohol level was higher than 0.10. Appellant contends that the testimony should have been excluded because the issue in the case was whether the excessive speed of the squad car was the cause of the accident. Appellant's intoxication, he contends, was not an issue. He relies on *Hastings v. United Pacific Insurance Co.,* 396 N.W.2d 682 (Minn.Ct.App.1986). There, a head-on collision had occurred in the lane of a car driven by a person who had consumed alcohol. This court affirmed a summary judgment based on the conclusion that there was no evidence that intoxication was the proximate cause of the accident or that the driver had failed to exercise due care to avoid colliding with the oncoming car. *Id.* at 684.

This case is clearly distinguishable. Here, appellant turned into the path of a squad car approaching from the rear. The car at least had its red lights on and possibly also the siren. There is an issue as to causation: was the accident caused by the speeding of the squad car or by appellant's action in turning into the path of the squad car? In determining the causation question, evidence relating to whether appellant was intoxicated or was under the influence of alcohol is relevant and was properly admitted.

### IV.

On reviewing claims of errors in jury instructions, the instructions must be considered as a whole. *State v. Knaak,* 396 N.W.2d 684, 688 (Minn.Ct.App.1986). Appellant contends that the court erred in instructing that the fact that appellant was only 17 years old was not an issue without further stating that consumption of alcohol by a minor was not an issue. The age instruction was prefaced by the statement "you should be aware that a person under

the age of 18 is required to exercise the same care as an adult when operating a motor vehicle." The instruction related to the applicable duty of care, not consumption of alcohol, and was not erroneous.

Appellant also argues that the court should not have included an instruction relying on Minn.Stat. § 169.121(2)(b) (1986) which provides:

> [E]vidence that there was at the time an alcohol concentration of more than 0.05 and less than 0.10 is relevant evidence in indicating whether or not the person was under the influence of alcohol.

The instruction was part of the section of instructions dealing with violation of a statute as evidence of negligence. Nine statutes were at issue, and the ninth statute related to intoxication. The court instructed:

> [I]t is unlawful for any person to drive, operate or be in physical control of any motor vehicle within this State: a. When the person is under the influence of alcohol or; b. When the person's alcohol concentration is 0.10 or more. It is not unlawful in Minnesota to drink alcoholic beverages, and then drive a motor vehicle. The prohibition is against driving under the influence of alcohol. There is no set standard as to the quantity of alcohol a person must consume before he's regarded as being under the influence of alcohol. When a person is so affected by an alcoholic beverage that he does not possess that clearness of intellect and control of himself that he otherwise would have, he is under the influence.

> The definition of the term under the influence includes the act of driving a motor vehicle by a person whose ability or capacity to do so is impaired by alcohol. If the consumption of an alcoholic beverage does not affect the person in the operation of the vehicle, there is no violation of this statute. If, however, as a result of the consuming of an alcoholic beverage, the person's ability or capacity to drive the vehicle is impaired, then the statute has been violated.

Evidence that there was at the time an alcoholic concentration of more than 0.05 and less than 0.10 is relevant evidence indicating whether or not the person was under the influence. The fact a person may have been under the influence does not, in and of itself, constitute negligence. However, a person who is under the influence is required to use the same care, as that required of a sober person.

■ As previously noted, evidence relating to intoxication was relevant, and under Minn.Stat. § 169.96 (1986) the blood alcohol evidence was admissible in a civil action. The instruction correctly states the law relating to the evidence, and in the context of the entire instructions does not call undue attention to that evidence. Accordingly, we conclude that the instruction was not erroneous.

### DECISION

The trial court did not abuse its discretion in denying a change of venue or in allowing a witness who was not disclosed prior to trial to testify. Evidence relating to intoxication was properly admitted, and the jury instructions were not erroneous.

Affirmed.